[Civ. No. 12846. First Dist., Div. Two. Aug. 9, 1945.]

JOSEPH GOLDBERG, Petitioner, v. PACIFIC EMPLOYERS INSURANCE COMPANY, KATHERINE DEVENS et al., Respondents.

George C. Faulkner for Petitioner.

Everett A. Corten, R. C. McKellips, S. Norman Hays and Henry G. Sanford for Respondents.

DOOLING, J. pro tem.—This is a proceeding in certiorari to review an award of the Industrial Accident Commission in favor of the respondent, Katherine Devens. Taking the evidence of Mrs. Devens, which is the most favorable to her case, the following facts appear:

Mrs. Devens was for many years engaged in household domestic service. It was her practice to work by the day or half day in the homes of several employers each week. Among these part time employers were the petitioner Joseph Goldberg and his wife. In the fall of 1943 the Goldbergs suggested to her that she come to their home to live. Mrs. Goldberg at first proposed that Mrs. Devens should pay for a room in their home and that the Goldbergs would continue to pay her for whatever household work she might do for them. This proposal was not carried out but instead, about two weeks before Christmas, 1943, Mrs. Devens moved into the Goldberg home under an oral agreement whereby she was to perform certain services for the Goldbergs in exchange for her room. It was further understood that Mrs. Devens would continue to work in the homes of other employers, as before, and that if she rendered any services for the Goldbergs in addition to those agreed to be performed in payment for her room the Goldbergs would pay her for such services. The hours of service which Mrs. Devens testified that she performed weekly in exchange for her room were as follows: One hour each week-day morning, from seven to eight o'clock, preparing breakfast; four hours each Sunday morning; two days per week from 1 p.m. to 8 p.m.; one day per week from 4 p.m. to 8 p.m.; and on three nights per week two hours per night washing dishes. The total hours per week so testified to comes to thirty-four. The Sunday after Christmas Mrs. Devens worked fifteen hours for the Goldbergs, for which she was paid in cash. Since this fifteen hours was inclusive of the four hours which she normally worked on Sunday morning it

would appear that during that week she had worked a total of forty-five hours. On no other occasion between the time that she went to live in the Goldberg home and the date of her injury was she called upon to do any additional work in the Goldberg household. It should be added that Mrs. Devens did at one time testify that she worked for the Goldbergs "about 51 hours altogether here," but her detailed testimony above outlined failed to support this general statement.

Mrs. Devens was injured on January 15, 1944, when a porch of the Goldberg home collapsed while she was standing on it cleaning a rug.

Section 3358.5 of the Labor Code provides that:

"Any person engaged in household domestic service who is employed by one employer for over fifty-two hours per week is an employee under this division."

The respondent commission found that "the applicant was engaged in household domestic service by said employer for over fifty-two hours per week."

This finding is attacked as totally unsupported by any evidence.

It is not claimed by the respondents that there was any evidence produced before the Industrial Accident Commission that the time that Mrs. Devens was actually engaged in doing household work in the Goldberg home amounted to fifty-two hours per week. The respondent commission relies on the "bunk house" rule to support the finding attacked, citing *Associated Oil Co.* v. *Industrial Acc. Com.*, 191 Cal. 557 [217 P. 744]; *Larson* v. *Industrial Acc. Com.*, 193 Cal. 406 [224 P. 744]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 194 Cal. 28 [227 P. 168]; and *Employers' etc. Corp.* v. *Industrial Acc. Com.*, 37 Cal.App.2d 567 [99 P.2d 1089]. Those cases were not concerned with the question here presented. They dealt with the question whether or not an injury incurred by an employee while not actually engaged in doing any work for his employer was none the less compensable where the employee by contract with, or requirement of, the employer resided on the employer's premises and incurred an injury while on the premises. The cases cited hold that such an injury is compensable. They do not discuss or consider the question here involved, whether an employee employed by one employer to perform actual services covering less that fifty-two hours per week shall be considered in law to be "employed by one employer for over fifty-two hours per week" because

under the terms of his employment he resides on the premises of the employer.

The "bunk house" rule in this respect is no different from certain other well-recognized exceptions to the general rule that an injury to an employee to be compensable must occur during the time that he is actually engaged in performing services for his employer. Among these well-recognized exceptions may be cited the rules that an employee is entitled to compensation when he is injured while being transported to or from his work in his employer's conveyance (27 Cal. Jur. 383); while he is eating lunch on his employer's premises (27 Cal.Jur. 387); and while he is entering his employer's premises to commence his work or leaving his employer's premises after his work is finished for the day (27 Cal.Jur. 387 et seq.). We cannot believe that in computing the number of hours per week for which an employee was employed by his employer the time consumed in going to and from the job in his employer's conveyance, the time consumed in eating lunch on his employer's premises, or the time consumed in entering the premises before commencing work or in leaving the premises after the work is finished should be included. No more do we believe that the Legislature intended that a domestic servant actually employed to do less than fifty-two hours per week should be considered "employed . . . for over fifty-two hours per week" because during the time when she was not hired to work, and actually was not working for her employer she lived upon the employer's premises.

If respondents' contention in this regard is correct some surprising results would follow. A servant residing upon an employer's premises might be reasonably assumed to spend at least eight hours per night in her room or fifty-six hours per week. If she agreed to perform services for only eight hours per week, or four or even one, in exchange for her room, she would be employed over fifty-two hours per week by that employer under respondents' theory. Indeed, under that theory, it would be practically impossible to employ any domestic servant residing on the premises without employing her for fifty-two hours per week, however little work per week she was actually engaged to do.

Section 1350 of the Labor Code provides that: "No female shall be employed in any . . . hotel, public lodginghouse,

apartment house, hospital . . . more than eight hours during any one day of twenty-four hours or more than forty-eight hours in one week." In *State Comp. Ins. Fund* v. *Industrial Acc. Com., supra,* 194 Cal. 28, one of the cases cited and relied upon by respondents, the Supreme Court applied the "bunk house" rule to a hotel maid whose contract of employment required her to live in the hotel, holding an injury received by the maid while leaving the hotel on her day off to be compensable. Applying the reasoning contended for by respondents this maid and every other female employee of a hotel, lodging house, apartment house or hospital who resided on the employer's premises under her contract of employment would do so in violation of section 1350, Labor Code.

██ Our Workmen's Compensation Act, now embodied in the Labor Code, is to be liberally construed to extend its benefits for the protection of persons injured in the course of their employment. (Lab.Code, § 3202.) With this beneficent purpose in mind it must still be construed to carry out the legislative intent as expressed in the language used in the legislative enactments. ██ Labor Code, section 3358.5 was enacted in 1939. (Stats. 1939, p. 2873.) The entire statute contained three sections. Section 1 of that statute amended section 3352 of the Labor Code by rearranging its subdivisions and adding to the former subdivision (b) (rearranged as (g) in the amendment) the words which we italicize in the following quotation:

" 'Employee' excludes: . . .

"(g) Any person engaged in household domestic service *except as provided in section 3358.5.*"

The effect of this amendment together with the adoption of section 3358.5 hereinabove quoted (by § 2 of the statute) was to bring within the coverage of the compensation act for the first time a limited class of household domestic servants, i.e. those "employed by one employer for over fifty-two hours per week."

Section 3 of the same statute added section 5704.5 to the Labor Code. Section 5704.5, so added, reads:

"A written contract entered into between a person engaged in household domestic service and his employer shall raise a rebuttable presumption that the hours of employment specified therein are the hours actually worked per week by such household domestic for that employer."

We quote section 5704.5 not because there was a written

contract of employment in this case. There was none. But because it sheds light on the legislative intent in adopting section 3358.5 as a part of the same statute. There would be no purpose in creating a rebuttable presumption that the hours of employment specified in a written contract "are the hours actually worked per week" unless the hours *actually worked* per week was the measure to be applied in determining whether the household domestic servant is "employed by one employer for over fifty-two hours per week" within the meaning of section 3358.5.

It seems clear that the time actually spent in rendering service is the proper measure to be applied and that respondent commission erroneously took into consideration free time spent on the premises solely because the injured servant resided thereon.

▉ It is further argued that the burden of proof was on the employer to prove that Mrs. Devens was an excluded employee. (Lab. Code, § 5705(a).) The burden was fully met by Mrs. Devens' own testimony and any presumption in her favor was thereby effectively destroyed. (*Mar Shee* v. *Maryland Assurance Corp.*, 190 Cal. 1. [210 P. 269].)

Our conclusion on this phase of the case makes it unnecessary to consider the questions of insurance coverage also argued.

The award is annulled.

Nourse, P. J., and Goodell, J., concurred.

Respondents' petitions for a hearing by the Supreme Court were denied October 4, 1945. Gibson, C. J., and Carter, J., voted for a hearing.