[Civ. No. 13582. First Dist., Div. One. Feb. 16, 1948.]

DEPARTMENT OF MOTOR VEHICLES, CALIFORNIA HIGHWAY PATROL, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOHN M. REED, Respondents.

Donald Gallagher, Royle A. Carter and Harold B. Brewster for Petitioner.

T. Groezinger, E. B. Connolly and John A. Rowe, Jr., for Respondents.

WARD, J.—This is a petition by the Department of Motor Vehicles, California Highway Patrol, for a writ of review seeking a reduction in an award made by respondent to John M. Reed, a member of the Highway Patrol, for injuries admittedly received within the scope of his official employment. The amount of the award was $2,300. It is the contention of the state employing petitioner that the award should be reduced in the sum of $442.86 representing the applicant's 17-5/7 weeks absence on leave from his official position immediately following his injury. During the last-mentioned period of absence Reed was paid his salary in full.

The findings upon which the award is based set forth certain injuries to Reed, arising out of and in the course of his employment, due to a fall from a motorcycle. The findings also set forth that the injuries constitute ''a permanent disability of 23 percent, entitling him to $25.00 per week for

92 weeks, in the total sum of $2,300.00, based upon earnings of $190.00 per month. Said injury also caused temporary total disability beginning March 30, 1939 to and including August 7, 1939 during which time applicant was paid his full salary and sustained no wage loss.''

The accident occurred on March 29, 1939. The award was dated by the referee May 19, 1947. A petition for rehearing was denied by the commission on June 9, 1947. The California Highway Patrol is subject to the special provisions contained in Labor Code, section 4800. The purpose of the section appears to be to permit compensation to be given those engaged in active law enforcement service in lieu of disability payments for one year. This section is applicable only to members of the California Highway Patrol. However, there are provisions for special payments to policemen and firemen who are members of the State Employees' Retirement Systems.

■ It is the contention of the Department of Motor Vehicles that Reed was not entitled to both his full salary during his temporary disability and to permanent disability payments for the same period; ''that the Commission should have allowed credit for an amount equal to seventeen and five sevenths (17 & 5/7ths) weeks, (that is, the period of temporary disability, less the one week waiting period) at $25.00 a week, or the sum of $442.96; and that, therefore, the award should have been made for only $1857.14 for permanent disability compensation.'' Petitioner's position is that the award was unlawful at the time it was made. Respondent Industrial Accident Commission concedes that Reed's rights are controlled by Labor Code sections in force and effect at the time of Reed's injury.

At the date of Reed's injury Labor Code, sections 4803 and 4661 provided respectively: ''Whenever such disability of such member of the California Highway Patrol continues for a period beyond one year, such member shall thereafter be subject, as to disability indemnity, to the provisions of this division other than section 4800, during the remainder of the period of such disability or until the effective date of his retirement under the State Employees' Retirement Act, except that such compensation shall be paid out of funds available for the support of the Department of Motor Vehicles, and the leave of absence shall continue.'' (Stats. 1937, ch. 848, see

ch. 90, p. 286.) "Where an injury causes both temporary and permanent disability, the injured employee is not entitled to both a temporary and permanent disability payment, but only to the greater of the two." (Stats. 1937, ch. 848, see ch. 90, p. 284.) At the same time section 4804 read: "No disability indemnity shall be paid to said member concurrently with wages or salary payments or for time after the effective date of retirement under The State Employees' Retirement System." (Stats. 1937, ch. 848, see ch. 90, p. 287.) Some of the provisions above quoted were changed by statutes enacted in 1939, effective in September of that year, or in subsequent years, but in the Reed matter we must deal with the provisions of the statutes as they existed on March 29, 1939.

When the quoted statutes are read together the conclusion is reached that when disability occurs to a member of the California Highway Patrol during the period that Reed suffered his injury, indemnity, whether temporary or permanent, shall not be paid concurrently with wages or salary.

The petitioner and the respondents cite a number of cases which they respectively claim bear upon the precise issue involved. Two of them should be mentioned: *Department of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal.2d 189 [93 P.2d 131] (the Dinan case) and *Department of Motor Vehicles* v. *Industrial Acc. Com.*, 78 Cal.App.2d 626 [178 P.2d 43] (the Cope case).

The date of the Dinan injury is not mentioned but the opinion was filed on August 16, 1939. The facts appear in the opinion as follows (p. 191): "William Y. Dinan, while a member of the state highway patrol and engaged in active law enforcement, suffered, in the course of his employment, a gunshot wound. For approximately twenty weeks Dinan was temporarily disabled and on leave of absence without loss of salary, as permitted by section 4800 of the Labor Code. At the end of the leave, the injured employee returned to active duty and shortly thereafter applied to the Industrial Accident Commission for permanent disability rating. After a hearing, the commission found the employee had sustained a permanent disability amounting to 24¾ per cent, and awarded him the sum of $2,475, less the sum of $457.14 which he had received on account of temporary disability. Sec. 4661, Labor Code.)" The court affirmed the award and

stated its position (pp. 195-196): "If, in reading section 4804 of the Labor Code, there is kept in mind the provisions of section 4803 of the same code, the meaning becomes clear that no disability indemnity shall be paid to a patrol officer concurrently with salary, except where such officer has sustained a permanent partial disability and has returned to work and is rendering services for the salary received."

The Cope case was decided in 1947 and involves injuries to a highway patrolman approximately in April or May of 1944. Subsequent to the injury to Reed in March, 1939, and prior to the injury to Cope, the Legislature amended section 4803, effective September 19, 1939, so as to include the words "which refers to temporary disability only." (Stats. 1939, ch. 902, p. 2519.) In 1943, section 4804 was amended to read: "No disability indemnity shall be paid to said member as temporary disability concurrently with wages or salary payments." (Stats. 1943, ch. 1137, p. 3082.) Cope suffered an injury which was declared to be a total permanent disability. The commission found that a total temporary disability resulted which extended over two definite periods. Following his injury Cope took a leave of absence with full pay for a period of 52 weeks. An award was made on account of the permanent disability in the sum of $6,000, payable at the rate of $25 a week. Attorney fees, medical expenses and a pension allowance were also awarded. On the total permanent disability allowance the employer was given credit for all sums paid as temporary disability. The point raised in the case is that the Department of Motor Vehicles was entitled to a credit for permanent disability allowance payments while Cope was drawing full pay on leave of absence. As said in the Cope case (p. 628): "Reading this section with section 4804 which provides that no temporary disability shall be paid concurrently with wages or salaries, and section 4803 which declares that section 4800 refers to temporary disability only, it is clear that no indemnity on account of any temporary disability may be paid to a patrolman who is drawing full pay while on leave of absence on account of injury." In the last quotation the court recognized the present effect of sections 4803 and 4804 with respect to the unavailability of "temporary disability" while the claimant is on leave of absence with full pay. In the Cope case the Dinan case is analyzed with the conclusion reached (p. 628) that the court in that case construed "the prohibitory provisions of section

4804, as it then stood.'' In the Cope case attention is called to the 1943 amendment to section 4804.

It seems to be demonstrated that without the 1939 and 1943 amendments to the controlling code sections, the court in the Cope case would have been bound by the language in the Dinan case to the effect that the legislation effective September, 1939, prohibited the payment of both salary and indemnity for the one year period while the injured patrolman is on leave with full salary. The Cope case interpreted the changes in sections 4803 and 4804 as abrogating the previous rule when applied to injuries to a patrolman received subsequent to the amendments herein noted. In the present case Reed's injuries occurred prior to the amendments. The law must be construed in accordance with the provisions as they then stood, with the result that this court is forced to declare that no disability award of any type could be given a highway patrolman during the period he received his salary while on leave after an injury.

It appears that Reed received his salary subsequent to March, 1939, and at a later date sought a permanent disability award. The commission contends that since the salary was previously paid him any amounts awarded subsequent to the leave of absence cannot be said to be paid concurrently. Respondents' conception of the word is an over-refined interpretation of ''concurrently'' as used in the section. It appears that what was being prohibited by the section was ''double payment'' for the same period of time of disablement, i. e., in the form of both salary and disability indemnity, and that the mere fact that the disability indemnity was not applied for and awarded until after the ''leave with salary'' period had expired is an immaterial factor. If such was not the true meaning of the section then it would have been a fruitless enactment—for all that the patrolman would have to do to avoid it would be to wait until the permitted ''year leave with salary'' period had elapsed and then apply for disability indemnity.

Finally, the commission prays for a liberal construction of the section considered in this case. The rights of applicants for compensation are governed by the provisions of the section in force at the time of the injury. (27 Cal.Jur. § 7, p. 261.) The fact that the Legislature changed the verbiage of the sections involved indicates that it did not believe that the sections provided as the commission now contends.

In construing a statute liberally courts are not permitted to pervert its purpose. Liberality of interpretation cannot go the length of accomplishing an end not within the terms of the statute, however desirable such a result might be in the view of the commission or of the court.

The order and award are remanded to the commission with directions to reduce the award in the sum of $442.86.

Peters, P. J., and Bray, J., concurred.