[L. A. No. 23751.   In Bank.   Oct. 28, 1955.]

JOSEFA P. RUIZ, Petitioner, v. INDUSTRIAL ACCIDENT
COMMISSION et al., Respondents.

Margolis, McTernan & Branton for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Herlihy & Herlihy and Ray B. Cumming for Respondents.

SPENCE, J.—This is a proceeding to review the order of the Industrial Accident Commission denying death benefits to petitioner, who is the surviving wife of Joaquin Ruiz. (Lab. Code, § 4701.) The denial was based on the ground that the claim was not filed within 240 weeks from the date of injury (Lab. Code, § 5406), even though that period had elapsed before the time of death. The plain language of the statute sustains the commission's order and petitioner cannot prevail.

Petitioner's husband was found to have contracted silicosis in the course of his employment; the date of injury was fixed as July 24, 1949, and disability payments and medical expenses were awarded. Thereafter, it was found that the injury resulted in permanent disability of 100 per cent, and that it became permanent and stationary on June 24, 1952. Accordingly, the commission made an award of permanent disability payments for a period of 240 weeks, and a life pension thereafter. The deceased died on June 4, 1954, which was about 253 weeks after the date of injury. On July 9, 1954, five weeks later, petitioner filed her application for death benefits. At the hearing the defense of the statute of limitations was raised. The commission found that petitioner's "application was filed more than 240 weeks from the date of injury and the claim is therefore barred." (Lab. Code, § 5406.)

Labor Code, section 5406 (Stats. 1947, ch. 1034, § 4, p. 2307)

provides that proceedings for the collection of death benefits may be commenced "one year from:

"(a) The date of death where death occurs within one year from date of injury; or

"(b) The date of last furnishing of any [compensation] benefits . . . where death occurs more than one year from the date of injury.

"No such proceedings may be commenced more than one year after the date of death, nor more than 240 weeks from the date of injury."

The question presented is the proper application of this section in the light of the time limitations provided in the last paragraph. Petitioner contends that the claim for death benefits may be filed either one year from the date of death *or* 240 weeks from the date of injury; that she complied with the first alternative in filing her claim within one year after the date of death; that if she also were required to file the claim within 240 weeks from the date of injury, that period had elapsed before the death of her husband occurred (253 weeks after the date of injury), and the death benefit claim would therefore be barred before it ever arose. On the other hand, respondents contend that these limitations do not apply in the alternative, but rather *both* apply in determining whether or not the claim is timely filed. The clear mandate of the statute supports respondents' position.

The last paragraph of section 5406 unmistakably declares a time restriction that is based on two conditions conjunctively applicable as separated by the word "nor." This conjunction is defined as "introducing the second (and each following) member of an alternative proposition or of a negative proposition expressing reciprocation, and indicating the continuation of the force of a negative in the first member to apply equally to the second (and each following); or not; no more; and not; likewise not;—used: a. Following a negative such as *no, not, never*." (Webster's New Inter. Dict., 2d ed., unabridged.) From this definition it plainly appears that the last paragraph of the section means: (1) No proceeding for a death benefit may be commenced more than one year after the date of death; and (2) *likewise* no such proceeding may be commenced more than 240 weeks from the date of injury.

The governing time restriction was added to the statute in 1947. Prior to that amendment, section 5406 read as enacted in 1937, when the following periods governed the

commencement of proceedings for the collection of death benefits: "(a) One year from the date of death, and in any event within— (1) Two years from the date of injury, except as otherwise provided in this section; (2) 240 weeks from the date of injury, where the injury causing death also caused disability which continued to the date of death and for which a disability payment has been made, or agreed to be made, or proceedings for its collection had been instituted within the time limits set forth in section 5405." This section was construed in *Bianco* v. *Industrial Acc. Com.*, 24 Cal.2d 584 [150 P.2d 806], decided July 25, 1944. There the employee's death occurred on June 11, 1941, from silicosis, which had first become disabling in April, 1939. The widow filed her application December 1, 1941, which was more than two years after the injury but within one year of her husband's death. It was held that the statutory periods were permissible alternatives—either one year from the death *or* two years from the injury, whichever was the later date— and the widow's claim was therefore not barred. In reaching this decision, the Bianco case expressly disapproved *Glavich* v. *Industrial Acc. Com.*, 44 Cal.App.2d 517 [112 P.2d 774], decided April 28, 1941, wherein section 5406 in the same form had been applied to bar a widow's claim for death benefits filed within one year from her husband's death but more than two years after the date of his injury. (24 Cal.2d 591.)

From a review of the legislative history of section 5406, it clearly appears that the purpose of the 1947 amendment was to change the existing law as enunciated in the Bianco decision. The majority opinion in the Bianco case recognized that its construction of section 5406 "is fraught with some dangers in respect to fraudulent and stale claims made by dependents long after the injury which ultimately causes death has occurred," but it declared that to be "a matter for the Legislature" to consider. (24 Cal.2d 591.) In accord with this suggestion, the Legislature in 1947 amended section 5406, using language quite different from the prior wording and plainly indicating its intention to avoid permissible alternative time periods for the filing of claims for death benefits by providing: "No such proceedings may be commenced more than one year after the date of death *nor* more than 240 weeks from the date of injury." (Emphasis added.) Significantly, no change was made in the statute in its 1937 form following its application in the Glavich case

in 1941, and it was only after a contrary construction was placed upon it in the Bianco case in 1944 that the statute was amended. Had the Legislature been satisfied with the statute, as construed in the Bianco case, no change or amendment would have been necessary.

Applying section 5406 as it now reads to the facts of this case, it is clear that petitioner's claim for death benefits, having been filed "more than 240 weeks from the date of (her husband's) injury," did not meet the statutory requirement and is therefore barred. It is true, as petitioner argues, that all provisions of the workmen's compensation law should be liberally construed to effect the law's beneficent purposes (*Colonial Ins. Co.* v. *Industrial Acc. Com.,* 27 Cal.2d 437, 439 [164 P.2d 490]), but that does not mean that the Legislature's intent as expressed in the statute can be ignored. (*Pacific Coast Joint Stock Land Bank of San Francisco* v. *Roberts,* 16 Cal.2d 800, 805 [108 P.2d 439]; *Shorb* v. *Barkley,* 108 Cal.App.2d 873, 877 [240 P.2d 337]; *Department of Motor Vehicles* v. *Industrial Acc. Com.,* 83 Cal.App.2d 671, 677 [189 P.2d 730]; *Goldberg* v. *Pacific Emp. Ins. Co.,* 70 Cal.App.2d 472, 476 [161 P.2d 272].) Petitioner simply takes the position that the filing of her claim within one year from the date of her husband's death should still satisfy the statute, and that presentation of the claim within 240 weeks from the date of his injury should not be necessary. But such conclusion would amount to a restoration of the law prevailing under the Bianco decision and would require a total disregard of the Legislature's subsequent radical change of the wording of the section. Such change cannot be deemed meaningless and without design. (23 Cal. Jur., § 154, p. 778; *People* v. *Santa Fe Federal Sav. & Loan Assn.,* 28 Cal.2d 675, 685 [171 P.2d 713].)

Concededly, as petitioner maintains, if the death benefit claim must be filed within 240 weeks from the date of injury, and if that time has elapsed before the death of the employee, then the death benefit claim is barred before it ever arose. To this point, petitioner cites the general rule that ordinarily a statute of limitations begins to run from the time a cause of action accrues and there is a remedy available. (*Barlow* v. *City Council of Inglewood,* 32 Cal.2d 688, 694 [197 P.2d 721]; *Irvine* v. *Bossen,* 25 Cal.2d 652, 658 [155 P.2d 9].) But this point was precisely the one that was advanced and prevailed in the Bianco case; and following that decision, the Legislature, presumably with knowledge thereof (23 Cal.

Jur. § 159, p. 782; *Whitley* v. *Superior Court,* 18 Cal.2d 75, 78 [113 P.2d 449]), amended the section as it presently reads.

Accordingly, the time limitation appears to be not a normal statute of limitations, but rather to be more in the nature of a qualifying condition in the exercise of any right to death benefits. Diligence in the presentation of the claim, so as not to be guilty of sleeping on one's rights, apparently has no bearing if the specified time provisos are not satisfied. Petitioner claims that the application of the statute so as to cut off any right to death benefits before it accrues would be unconstitutional as a deprivation of property without due process of law. (U.S. Const., Fourteenth Amend.; Cal. Const., art. I, § 13.) However, her right to recover death benefits is wholly statutory, and her constitutional objection has no bearing on the issue.

It thus appears that the Legislature in plain language has declared the governing time limitations, as it has the right to do. There is no ambiguity in the present wording of the section, and it neither requires nor admits of interpretation. (*Caminetti* v. *Pacific Mut. L. Ins. Co.,* 22 Cal.2d 344, 353-354 [139 P.2d 908].) Accordingly, in this case where the bar of the prescribed limitation period was raised, the commission properly denied relief under the provisions of section 5406 of the Labor Code.

The order of the Industrial Accident Commission is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.