[Civ. No. 18725. First Dist., Div. One. Nov. 4, 1959.]

CITY OF PALO ALTO, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION and CEDRIC W. KIDDER, Re-
spondents.

John R. Nimocks, City Attorney, for Petitioner.

Quigley & Weichers, Everett A. Corten and Melvin S. Witt for Respondents.

FOLEY, J. pro tem.* — Petitioner-employer, the city of Palo Alto, seeks by its petition for a writ of review to have annulled, vacated and set aside a decision of the respondent, Industrial Accident Commission, awarding respondent-employee, Cedric W. Kidder, permanent disability in the amount of $4,800, less credits.

Kidder was employed by the city of Palo Alto as a fireman. The city is a contract member of the State Employees' Retirement System, and Kidder was at all times of his employment covered by said retirement system.

In earlier proceedings before the respondent commission in 1954, it was found that Kidder had, on September 20, 1952, sustained an injury arising out of and occurring in the course of his employment. This injury consisted of a reactivation of a preexisting quiescent pulmonary tuberculosis lesion. The commission issued its findings and award in favor of the employee granting him a certain sum per week to continue indefinitely until the further order of the commission. A rehearing was denied and the city paid the sum ordered up to and including August 1, 1958.

On July 23, 1953, the commission, in a proceeding entitled *State Employees' Retirement System* v. *Kidder Claim Number 146-987*, found that Kidder's disability "is due to injury arising out of and occurring in the course of the fireman's employment." At Kidder's request he was retired by the system effective March 10, 1953. Since that date he has been entitled to and has been drawing disability retirement benefits under the State Employees' Retirement Act.

In October 1958 Kidder filed a "Petition for Permanent

---

*Assigned by Chairman of Judicial Council.

Disability Rating'' with respondent commission. Petitioner objected to the jurisdiction of the commission, but his objections were overruled and an award of permanent disability was made in the amount of $4,800 less credit for ''any payments made as temporary disability indemnity for periods later than 240 weeks from the date of injury herein. . . .'' A petition for reconsideration was filed by petitioner with the commission urging that the commission lacked jurisdiction and power to make an award for any permanent disability by reason of the provisions of section 4853 of the Labor Code. The petition for reconsideration was denied on March 25, 1959.

Both the awards received from the respondent commission and from the retirement system were based on the same injury, i.e., the quiescent pulmonary tuberculosis lesion.

The question presented is whether or not the Industrial Accident Commission has jurisdiction to grant a permanent disability award to a city fireman who is covered by the State Employees' Retirement Act after the State Employees' Retirement System has granted said fireman his request for a disability retirement when the retirement request and the permanent disability award are both based on the same disability.

Petitioner contends that Labor Code, section 4853, does not permit an award of permanent disability to respondent Kidder under the facts and circumstances hereinabove set forth. Said section reads as follows: ''Whenever such disability of any such officer or employee continues for a period beyond one year, such member shall thereafter be subject as to disability indemnity to the provisions of this division other than Section 4850 during the remainder of the period of said disability or until the effective date of his retirement under the State Employees' Retirement Act, and the leave of absence shall continue.''

Before beginning a discussion of the pertinent sections involved in this petition the rules which must be used in interpreting the sections should be set forth. In *Hawthorn* v. *City of Beverly Hills,* 111 Cal.App.2d 723 [245 P.2d 352], the court in its discussion of the act in issue stated at page 727, ''The act must be taken as a whole, and scrutiny is not confined to the particular section under review. All are parts of a connected whole and the several sections are to be read in connection with every other section.''

Section 3202 of the Labor Code sets forth the legislative mandate that divisions 4 and 5 of the code ''shall be liberally

construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." ■ The Supreme Court in *Colonial Ins. Co.* v. *Industrial Acc. Com.*, 27 Cal.2d 437, 439-440 [164 P.2d 490], stated that the above section requires that ". . . where provisions are susceptible of an interpretation either beneficial or detrimental to an injured employee, they must be construed favorable to the employee. [Citations.]" ■ The courts have frequently stated that "The law favors the payment of compensation." (*Singer* v. *Industrial Acc. Com.*, 105 Cal.App. 374, 377 [287 P. 567].)

■ However, it was also stated in *Department of Motor Vehicles* v. *Industrial Acc. Com.*, 83 Cal.App.2d 671 [189 P.2d 730], that, "In construing a statute liberally courts are not permitted to pervert its purpose. Liberality of interpretation cannot go the length of accomplishing an end not within the terms of the statute, however desirable such a result might be in the view of the commission or of the court." (P. 677.)

With these rules in mind we shall consider the basic section with which this case is concerned, section 4853 of the Labor Code. Both parties have carefully traced the history of section 4853. Prior to 1949 the section read: "Whenever SUCH DISABILITY of such city policeman or city fireman continues for a period beyond one year, such member shall thereafter be subject as to disability indemnity to the provisions of this division other than section 4850 *which refers to temporary disability only,* during the remainder of the period of said disability OR UNTIL THE EFFECTIVE DATE OF HIS RETIREMENT UNDER THE STATE EMPLOYEES' RETIREMENT ACT, *except that such compensation shall be paid out of the funds of such city,* and the leave of absence shall continue. *No disability shall be paid to any such city fireman or city policeman on account of or for a permanent disability rating made by the Industrial Accident Commission.*" The italicized portion was deleted in 1949 leaving the section with the remaining language except for a minor change made in 1951 which is not relevant to this petition. The language questioned in this petition is the portion which is capitalized. Section 4850 is the basic section in article 7 and reads in part: "Whenever any . . . city fireman . . . who is a member of the State Employees' Retirement System is disabled by injury . . . he shall become entitled . . . to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments under this chapter, for the period of not exceeding one year. . . . . *This*

*section refers to temporary disability only.''* (Emphasis added.) Prior to 1949, section 4854 read: "No disability indemnity shall be paid to said member concurrently with wages or salary payments *or for time after the effective date of retirement under the State Employees' Retirement System.''* (Emphasis added.) The *italicized* portion was deleted in 1949. A minor change made in 1951 is not relevant.

In effect, the basic question before this court is whether the disability referred to in section 4853 is permanent and/or temporary disability. The commission's position is that section 4853 refers to temporary disability and provides that whenever that temporary disability continues for a period beyond one year, the injured employee shall be entitled to temporary disability payments as provided for by provisions of the division other than section 4850. This entitlement to temporary disability lasts during the remainder of the period of said disability or until the effective date of retirement under the State Employees' Retirement Act, whichever is sooner. The commission argues that "such disability" must refer to temporary disability in view of the sections of article 7 preceding 4853. Article 7 provides for a special payment of full salary in place of the temporary disability indemnity to which the injured employee would otherwise be entitled.

Petitioner argues that the section says that a fireman gets temporary disability consisting of one full year's salary. After this year the other provisions of the act apply but only until he retires.

Petitioner's claim is that the Legislature in 1949 intended to change the prohibition contained in 4854 into an affirmative statement in 4853, "such member shall thereafter be subject as to disability indemnity to the provisions of this division . . . until the effective date of his retirement. . . .'' Respondent argues that no such change occurred. It states that prior to 1949, section 4853 contained the same language with respect to retirement that it did after 1949. If petitioner's argument were accepted, respondent argues, it would mean that the legislative changes in 1949 were designed to strike from 4853 that which was merely surplusage, namely, that no disability was to be paid on account of a permanent disability. The respondent believes that it was more likely that the Legislature intended that indemnity for temporary disability, not permanent, should be cut off after the effective date of retirement or once "said disability" ceases.

The commission contends that the Legislature, by striking an express prohibition against receipt of permanent disability, demonstrated its intention to permit injured firemen, who sustain permanent disability, to receive payments for the permanent disability like any other employee. Where it did not wish this result it was expressly stated. It argues that had the Legislature intended to prohibit permanent disability it would have said so in article 3 which deals with permanent disability.

It seems apparent that the term "such disability" as used in section 4853 must refer to the same disability covered in section 4850 since there is no other disability to which it might refer. By express provision in the latter section the disability therein referred to is temporary disability. We must conclude that the term "such disability" as used in section 4853 refers to temporary disability only and not to temporary and/or permanent disability. If this interpretation of section 4853 is correct, and we feel that it is, then the respondent commission did have jurisdiction to make an award for permanent disability after the employee had retired in view of the amendments to sections 4853 and 4854 which deleted the provision "No disability shall be paid to any such city fireman or city policeman on account of or for a permanent disability rating made by the Industrial Accident Commission" from section 4853 and deleted the provision "or for time after the effective date of retirement under the State Employees' Retirement System" from section 4854.

The award is affirmed.

Bray, P. J., and Tobriner, J., concurred.