[Civ. No. 12312. Third Dist. Dec. 11, 1969.]

DONALD G. BURNS, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
UNITED STATES STEEL CORPORATION, Respondents.

**COUNSEL**

Eugene C. Treaster and Joseph S. Samuel for Petitioner.

Rupert A. Pedrin, Marcel L. Gunther and William P. Everts, Jr., for Respondents.

**OPINION**

**JANES, J.**—Petitioner, an industrially injured employee, seeks review and annulment of a workmen's compensation award and an order of the Workmen's Compensation Appeals Board (hereinafter, the "board") denying reconsideration insofar as the award and order fail to allow

petitioner temporary total disability compensation for the first two days of disability prior to his hospitalization.

On December 12, 1968, near the remote mountain community of Happy Camp, California, petitioner sustained an injury arising out of and occurring in the course of his employment as a construction iron worker by respondent United States Steel Corporation. Because of the injury, he left work that day. Medically required X-ray and hospital facilities were not available in Happy Camp. Accordingly, the treating physician in that town recommended hospitalization elsewhere. After a trip by ambulance, petitioner was hospitalized in Sacramento on December 15, 1968.

The workmen's compensation referee found that petitioner's injury caused temporary total disability commencing December 13, but awarded temporary disability compensation only from December 15, the first day of hospitalization, through January 15, 1969. Upon petition for reconsideration, the referee recommended denial of petitioner's request that such compensation also be paid for December 13 and 14, the first two days of disability. Respondent board adopted the referee's recommendation and denied reconsideration. Upon petitioner's application, we issued a writ of review.

The sole question presented is whether Labor Code section 4650, the applicable statute, requires that petitioner be awarded temporary total disability compensation from the first day he left work due to his injury[1] rather than, as awarded, from the first day of his hospitalization.

In its original form, the first sentence of section 4650 read as follows: "If an injury causes temporary disability, a disability payment shall be made for one week in advance as wages on the eighth day after the injured employee leaves work as a result of the injury." (Stats. 1937, ch. 90, § 4650, p. 282.)

In 1949 the following proviso was added to the end of the first sentence: "[P]rovided, that in case the injury causes disability of more than forty-nine days the disability payment shall be made from the first day the injured employee leaves work as result of the injury." (Stats. 1949, ch. 705, § 1, p. 1296.)

In 1959 section 4650 was further amended to its present form, to read as follows: "If an injury causes temporary disability, a disability payment shall be made for one week in advance as wages on the eighth day after the

---

[1]Petitioner's first day of disability was found to be December 13, 1968, although he left work on December 12. He made no claim of benefits for December 12, and it appears to be conceded that he was compensated by his employer for that day of work.

injured employee leaves work as a result of the injury; provided, that in case the injury causes disability of more than 49 days *or necessitates hospitalization* the disability payment shall be made from the first day the injured employee leaves work *or is hospitalized* as result of the injury. . . ." (Italics ours.)[2] (Stats. 1959, ch. 1189, § 11, p. 3279.)

As we have noted, petitioner was temporarily disabled less than 49 days, but after he left work he was hospitalized within the seven-day waiting period provided by the section. In such circumstances, the board contends, the clear meaning of the statutory proviso is that when an injury causes hospitalization during the waiting period the liability for temporary disability compensation commences from the first day of such hospitalization. Accordingly, the board disallowed petitioner temporary total disability compensation for the first two days of disability after he left work and prior to his hospitalization. Such an interpretation was the basis for the board's decision in *Coolman* v. *Continental Can Co.* (1969) 34 Cal.Comp. Cases 61, which the referee followed and upon which the board places its principal reliance here.

■ Despite the board's claim that section 4650 is free from ambiguity, it is apparent to us that the 1959 amendment rendered it ambiguous. In its present form the proviso is that "in case the injury [1] causes disability of more than 49 days or [2] necessitates hospitalization the disability payment shall be made from the first day the injured employee [3] leaves work or [4] is hospitalized as result of the injury." (Bracketed numbers ours.) This statutory language raises at least the following ambiguity: Upon the happening of event No. 2, does payment commence *either* at time No. 3 or at time No. 4, whichever is earlier, or does payment start *only* at time No. 4?

The legislative history of section 4650 furnishes no guide as to the Legislature's intent in this respect. The 1959 amendment added "or necessitates hospitalization" after "49 days," and, at the same time, added "or is hospitalized" after "leaves work." On one hand, it may be argued that the concurrent addition of those two phrases on the subject of hospitalization indicates that, where an industrial injury necessitates hospitalization, the Legislature intended that payment should be made from the first day the employee is hospitalized. On the other hand, it may be argued just as persuasively that, if the Legislature had intended payment to

---

[2]Where the proviso of section 4650 is inapplicable, the purpose of its seven-day waiting period "is to motivate the employee to return to work when the injury is not serious, to reduce the opportunity for false claims, to decrease costs of claims administration, and to divert a greater proportion of funds from inconsequential to more serious injuries." (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1967), § 13.03[1].)

commence upon hospitalization in cases where there was hospitalization, it would have combined the "hospitalization"-"hospitalized" phrases into a *separate* clause or sentence instead of integrating them with the pre-existing "49 days"-"leaves work" terminology.

█ Given the ambiguity in the statute which we find exists, the legislative command is clear. Workmen's compensation laws "shall be liberally construed 'with the purpose of extending their benefits for the protection of persons injured in the course of their employment.' (Lab. Code, § 3202.) Where provisions of such laws are susceptible of an interpretation either beneficial or detrimental to injured employees or an ambiguity appears, they must be construed favorably to the employees." (*Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 404 [71 Cal.Rptr. 678, 445 P.2d 294].)

█ We have noted that in recommending that petitioner be denied temporary disability compensation for the two days of disability which elapsed after he left work and before he was hospitalized, the referee followed the board's decision in *Coolman* v. *Continental Can. Co., supra,* 34 Cal.Comp. Cases 61, and that the board here places principal reliance upon that case. The facts in *Coolman* differ from those before us in that, in *Coolman,* hospitalization did not occur until *after* the seven-day waiting period specified by section 4650. *Coolman* held that, where an injury causes disability not exceeding 49 days,[3] the proviso in section 4650 is inapplicable if hospitalization does not commence sometime during those first seven days. In the case at bench, petitioner was hospitalized on his third day of disability. Consequently, the actual holding in *Coolman* is not in point. We are called upon to examine, however, the premises which the board adopted when it decided the *Coolman* case. We find those premises untenable.

*Coolman's* first premise is that section 4650, as amended in 1959, "clearly" has "plain meaning." (34 Cal.Comp. Cases at pp. 62-63.) *Coolman* does not even suggest the patent ambiguity noted herein.

The second premise of *Coolman* is that "[w]hen an injury causes hospitalization during the waiting period the liability for temporary disability compensation commences from *the first day of such hospitalization."* (*Id.,* p. 62.) (Italics transposed.) That is the issue before us. The sole authority cited by *Coolman* for thus construing section 4650 was *Selected 1959 Code Legislation,* 34 State Bar J. 581, 708. The Bar Journal code

___

[3]The employee in *Coolman* was temporarily disabled more than 49 days in total, although not consecutively, and the board allowed him the benefit of the 49-day exception to the waiting period. But he also contended his self-insured employer should be penalized for not making that payment at a time when disability had not yet totaled 49 days. The latter contention prompted the *Coolman* holding discussed in the text herein.

summary gives no explanation for its interpretive conclusion, nor does it mention either the ambiguity resulting from the 1959 amendment or the rule of liberal construction.

*Coolman's* third premise is therein stated as follows: "If the Legislature had intended that hospitalization at any time should create an exception to the employer's non-liability for the waiting period, it would have simply omitted the words 'or is hospitalized' from the amendment to the statute. . . . But the words as placed clearly relate to the 'first day' from which indemnity must be paid when an injury necessitates hospitalization. *Otherwise the words are meaningless.*" (34 Cal.Comp. Cases at pp. 62-63.) (Italics transposed.) Here again, *Coolman* overlooks ambiguity—i.e., the possibility that the words "the first day" could alternatively mean (as expressed in the statute) "the first day the injured employee leaves work," where such time was earlier than hospitalization.

*Coolman* likewise overlooks the fact that the words "or is hospitalized" would *not* be "meaningless" in cases where an injured employee stays on the job and subsequently is hospitalized on a nonworking weekend or holiday, or during vacation or leave of absence, in which event the hospitalization date would precede the date he "leaves work."[4] In the latter circumstance, hospitalization would satisfy the manifest purpose of the statutory proviso to afford exceptions to the waiting period in cases where the existence of disability was established prima facie (as by hospitalization) and where, under the rule of liberal construction, the hospitalization date would control because earlier than the "leaves work" date.[5] (See, fn. 2, *supra.*)

The board also cites *Ruiz* v. *Industrial Acc. Com.* (1955) 45 Cal.2d 409 [289 P.2d 229], where the court pointed out that the rule of liberal construction of the workmen's compensation law "does not mean that the Legislature's intent as expressed in the statute can be ignored." (*Id.,* p. 413.) The *Ruiz* case is inapplicable. The Labor Code section involved there (§ 5406) was one which, as the court stated, contained "no ambiguity"

---

[4] At this point, we hypothesize circumstances which would only determine the date when temporarly disability payments *commence*. The fact that the employee had no earnings on weekends or holidays, or while on vacation or leave, would still be taken into account in computing the *amount* of each disability payment. (See, Lab. Code, §§ 4453-4460, 4653-4657.)

[5] In this context, the words "leaves work" have not been statutorily or decisionally defined. It should also be noted that, concerning the payment of *permanent* disability compensation (not here in issue), implementation of the whichever-date-is-earlier concept does not depend upon the rule of liberal construction; in another portion of Labor Code section 4650, the Legislature has expressly provided that "[i]f the injury causes permanent disability, a disability payment shall be made for one week in advance as wages on the eighth day after the injury becomes permanent or the date of last payment for temporary disability, whichever date first occurs."

(*id.,* p. 414); and it clearly appeared from the legislative history of that section that it was amended to change the previous interpretation which had been placed upon it by the court (*id.,* p. 412). There was likewise no statutory ambiguity present either in *Earl Ranch, Ltd.* v. *Industrial Acc. Com.* (1935) 4 Cal.2d 767 [53 P.2d 154], or in *Goldberg* v. *Pacific Emp. Ins. Co.* (1945) 70 Cal.App.2d 472 [161 P.2d 272], which are also cited by the board in support of its position.

We conclude that the board erred in overlooking the ambiguity in the proviso of amended section 4650, and in not complying with the legislative mandate (Lab. Code, § 3202) that such ambiguity be construed in petitioner's favor.

To the extent the board's award and order denying reconsideration disallow petitioner temporary total disability compensation for December 13 and 14, 1968, said award and order are annulled, and the matter is remanded for further proceedings consistent with this opinion.

Friedman, Acting P. J., and Regan, J., concurred.

A petition for a rehearing was denied January 7, 1970, and the petition of respondent board for a hearing by the Supreme Court was denied February 5, 1970.