OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | |
|---|---|
| OPINION | No. 90-906 |
| of | DECEMBER 5, 1990 |
| JOHN K. VAN DE KAMP<br>Attorney General | |
| CLAYTON P. ROCHE<br>Deputy Attorney General | |

THE HONORABLE FRANK S. PETERSEN, ACTING COUNTY COUNSEL, DEL NORTE COUNTY, has requested an opinion on the following question:

Is a nonprofit association which sells food to the public at events sponsored by the county, such as county historical celebrations, eligible for the "occasional events" exemption of the California Uniform Retail Food Facilities Law?

CONCLUSION

A nonprofit association which sells food to the public at events sponsored by the county, such as county historical celebrations, is not eligible for the "occasional events" exemption of the California Uniform Retail Food Facilities Law.

ANALYSIS

We are informed that Del Norte County sponsors five historical events on separate weekends each summer. At these events many nonprofit associations have booths at which they sell food to the general public. The question presented is whether these nonprofit associations must comply with the requirements of the California Uniform Retail Food Facilities Law ("CURFFL") when operating their food booths. We conclude that compliance is required.

CURFFL is found in section 27500 et seq. of the Health and Safety Code.[1] It sets forth detailed "uniform statewide health and sanitation standards for retail food facilities to assure the people of this state that food will be pure, safe and unadulterated." (§ 27501.)

For the purposes of CURFFL, a "food facility" is defined in section 27521 as follows:

"(a) `Food facility' means all of the following:

_____

[1]All section references are to the Health and Safety Code.

1.                                                          90-906

"(1) Food establishment, vehicle, vending machine, produce stand, temporary food facility, satellite food distribution facility, stationary mobile food preparation unit, and mobile food preparation unit.

"(2) Any place used in conjunction with the operations described in paragraph (1), including, but not limited to, storage, facilities for food-related utensils, equipment, and materials.

"(3) A certified farmers' market for purposes of permitting and enforcement.

"(b) `Food facility' does not include any of the following:

"(1) A cooperative arrangement wherein no permanent facilities are used for storing or handling food, or a private home, church, private club, or other nonprofit association which gives or sells food to its members and guests at occasional events, as defined in Section 27528.

"(2) Premises set aside for wine tasting, as that term is used in section 23356.1 of the Business and Professions Code and in the regulations adopted pursuant to that section, if no food or beverage is offered for sale for on site consumption." (Emphasis added.)

Accordingly, exempted from CURFFL's standards and regulations by subdivision (b) (1) of section 27521 are "a private home, church, private club, or other nonprofit association which gives or sells food to its members or guests at occasional events, as defined in Section 27528." (Emphasis added.) Section 27528 defines an "occasional event" to mean "an event which occurs not more than three days in any 90-day period."

It has been suggested that nonprofit associations which sell food to the general public at county sponsored "occasional events" are eligible for the exemption provided for in subdivision (b) (1) of section 27521, and that such exemption would apply to all of the events held within a ninety day period so long as no single event lasts more than three days. We disagree.

In 1984 CURFFL was enacted by the Legislature, and the exemption for nonprofit corporations was found in section 27520. At that time section 27520 excluded "a private home, or a church, private club, or other nonprofit association which gives or sells food at occasional events defined in Section 27528." (Stats. 1984, ch. 256, § 1.)

In 1986 the Legislature transferred the nonprofit association exemption from section 27520 to section 27521. Importantly, the exemption was amended to read as it does today by adding the words "to its members and guests" when referring to the persons to whom food is to be given or sold at "occasional events." (Stats. 1986, ch. 712, §§ 3, 4.)

In determining the purpose of this 1986 amendment, we take cognizance of several basic rules of statutory construction. Where the Legislature changes the language of a statute, "[s]uch change cannot be deemed meaningless and without design." (*Ruiz* v. *Industrial Acc. Com.* (1955) 45 Cal.2d 409, 413.) As a general proposition, the courts have held that "`"The very fact that the prior act is amended demonstrates an intent to change the pre-existing law. . . ."'" (*Eu* v. *Chacon* (1976) 16 Cal.3d 465, 470.) Also, "[a] construction [of a statute] rendering some words surplusage is to be avoided." (*Estate of Macdonald* (1990) 51 Cal.3d 262, 270.) Finally, "[s]tatutes conferring exemptions from regulatory schemes are narrowly construed." (*Board of Medical Quality Assurance* v. *Andrews* (1989) 211 Cal.App.3d 1346, 1355.) All of these rules of statutory construction support

the conclusion that a nonprofit association selling food at a county sponsored historical celebration must comply with the requirements of CURFFL.

Prior to the 1986 amendments of sections 27520 and 27521, the wording of the nonprofit association exemption found in section 27520 applied to the giving or selling of food so long as it was at an "occasional event." Thus, food could be given or sold to the general public at any "occasional event." To avoid a finding that the addition of the words "to members and guests" was meaningless and surplusage, we believe the evident intent of the Legislature was to restrict the exemption previously granted.

In our view, the words "to members and guests" were placed in section 27521, subdivision (b)(2), to exclude the giving or selling of food to the general public at a public event or function. "Members" of course means members of the "church, private club, or other nonprofit association." The word "guests" in the context of such an exemption would mean "a person to whom hospitality (as of a home or club) is extended. . . ." (Webster's New Internat. Dict. (3d ed. 1976) p. 1008.) Here the "hospitality" is being extended by the county at its events, not by the nonprofit associations at their individual events unique to them.

A consideration of the added words leads us to conclude that the legislative intent was two-fold: (1) to not only limit the categories of persons to whom food could be given or sold, but also (2) to limit the "occasional events" at which food could be given or sold. This latter limitation would be intended to restrict the exemption to events which the church, club, or other nonprofit association itself is sponsoring, such as a church bazaar, where the designated organization has control over those present.

Accordingly, we conclude that the "occasional events" exemption of CURFFL is not applicable to nonprofit associations which sell food to the general public at public events sponsored by the county, such as county historical celebrations.[2]

* * * *

---

[2]We thus need not address the second issue concerning the scope of the "occasional events" exemption, that is, whether it is restricted to a single event within any 90-day period, or whether it is applicable to any number of events so long as no single event exceeds three days.