[No. F029389. Fifth Dist. June 18. 1998.]

DOLE BAKERSFIELD, INC., et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and ISAIAS
ARGUELLES, Respondents.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 1.

## Counsel

Mason H. Brush for Petitioners.

Sylvia Lopez Rodriguez for Respondents.

## Opinion

**STONE (W. A.), Acting P. J.**—Respondent Isaias Arguelles (Arguelles) worked as a general laborer for petitioner Dole Bakersfield, Inc. (Dole), from 1990 until June of 1996. He sustained admitted industrial injuries to his back on May 26, 1994, and November 18, 1995. At a mandatory settlement conference before a workers' compensation judge (WCJ), Arguelles's attorney listed only his client as a witness. Dole listed three witnesses, not including Arguelles. At trial Arguelles's attorney submitted the case on the record. Dole called Arguelles as a witness. The WCJ sustained Arguelles's objection, finding Dole was precluded from calling him because he did not appear on Dole's witness list.

Following the findings, award and order, Dole sought reconsideration, contending the WCJ erred in two respects: relying upon the opinion of Dr. Alan Sanders to determine Arguelles's disability and refusing to allow cross-examination of him. The Workers' Compensation Appeals Board (WCAB), in a two-to-one decision, denied the petition.

### Discussion

#### I.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

#### II.

#### *Cross-examination of Arguelles*

Labor Code[1] section 5502, subdivision (d)(3) provides: "If the claim is not resolved at the mandatory settlement conference, the parties shall file a pretrial conference statement noting the specific issues in dispute, each party's proposed permanent disability rating, and listing the exhibits, and disclosing witnesses. Discovery shall close on the date of the mandatory

---

*See footnote, *ante*, page 1273.

[1] All statutory references are to the Labor Code unless otherwise noted.

settlement conference. Evidence not disclosed or obtained thereafter shall not be admissible unless the proponent of the evidence can demonstrate that it was not available or could not have been discovered by the exercise of due diligence prior to the settlement conference."

Petitioners contend the WCJ erred in refusing to allow cross-examination of Arguelles. Arguelles, however, argues that because *Dole* failed to disclose him as a witness, the WCJ correctly sustained his objection. Because we find Arguelles's name had been disclosed within the meaning of section 5502, we shall conclude petitioners are correct.

Although section 5502 requires all witnesses to be disclosed, there is nothing in its language indicating only the party listing a particular witness may call that witness during trial. As the dissenting member of the WCAB noted, section 5502 includes "no requirement that only the party 'disclosing' the witness may call such witness. The statute contains no such specific requirement and no one has cited any rationale or authority which would require that the statute be construed [as Arguelles suggests]. The only requirement is that the witness be disclosed. Here, the witness, specifically, the applicant, was disclosed. . . ."

Section 3202 specifically requires that " '[t]he provisions of Division 4 and Division 5 [of the Labor Code, which include [§ 5502]] . . . be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment.' " (*LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 241 [193 Cal.Rptr. 547, 666 P.2d 989].) While in this instance it is the employer who seeks a liberal interpretation of section 5502, we believe such an interpretation generally will provide a benefit to injured employees as well. Conversely, to read section 5502 as Arguelles suggests would require us to inject into the law a requirement that simply is not there, a result that would require us to engage in legislation by adding to, rather than interpreting, section 5502. (*City of Palo Alto* v. *Industrial Acc. Com.* (1959) 175 Cal.App.2d 83, 86 [345 P.2d 586].)

Furthermore, we note due process considerations comport with this result. It is well settled that parties in civil proceedings, including administrative hearings, have a due process right to cross-examine and confront witnesses. (*McCarthy* v. *Mobil Cranes, Inc.* (1962) 199 Cal.App.2d 500, 506-507 [18 Cal.Rptr. 750].) " 'Even if regarded as a purely administrative agency, however, in exercising adjudicatory functions the commission is bound by the due process clause of the Fourteenth Amendment to the United States Constitution to give the parties before it a fair and open hearing. "The right

to such a hearing is one of 'the rudiments of fair play' (citation) assured to every litigant by the Fourteenth Amendment as a minimal requirement." (Citations.) [¶] The reasonable opportunity to meet and rebut the evidence produced by his opponent is generally recognized as one of the essentials of these minimal requirements (citations), and the right of cross-examination has frequently been referred to as another [citations].' " (*Caesar's Restaurant* v. *Ind. Acc. Com.* (1959) 175 Cal.App.2d 850, 855 [1 Cal.Rptr. 97].)

The denial of a party's right to call a witness present at the hearing runs contrary to these principles. In this instance, Arguelles was listed as a witness, albeit not Dole's witness, and was present at the hearing. There is nothing from the record to indicate Arguelles would have suffered prejudice, surprise, or inconvenience had he been required to testify. Indeed, as a listed witness, Arguelles presumably was prepared to testify if called. Nor is there any indication Dole intended to relinquish its right to call an adverse witness listed to testify. ██ " ' "A waiver of a right cannot be established without a clear showing of an intent to relinquish such right, and doubtful cases will be decided against a waiver" [citation]; nor will a waiver be presumed or implied contrary to the intention of a party whose rights would be injuriously affected, unless by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended [Citation.].' " (175 Cal.App.2d at p. 856.) ██ Thus, aside from misinterpreting section 5502, we find the WCJ's ruling exalted form over substance at the expense of due process. It also infused a level of technicality and formality that does not exist in workers' compensation proceedings. (§ 5708.)[2]

With this background, we conclude section 5502 permits a party to call any witness disclosed at the mandatory settlement conference. Because Arguelles had been disclosed as a witness and was present at the trial (Code of Civ. Proc., § 1990), the WCJ should have permitted Dole to cross-examine him.[3]

The last question we consider is whether the WCJ's error requires an annulment of the award; in other words, whether the error was harmless. In *Caesar's Restaurant* v. *Ind. Acc. Com., supra,* 175 Cal.App.2d 850, the court

---

[2]Section 5708 provides, in part: "[Workers' compensation judges] shall not be bound by the common law or statutory rules of evidence and procedure, but may make inquiry in the manner, through oral testimony and records, which is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit and provisions of this division."

[3]Had Arguelles failed to appear, Dole would have been without remedy absent a showing it either subpoenaed Arguelles or sent written notice requesting his presence at least 10 days prior to trial. (Code Civ. Proc., § 1987, subds. (a) & (b); Hanna, 2 Cal. Law of Employee Injury and Workers' Compensation (2d ed. 1998) Prehearing & Hearing Procedure, § 26.05[3], pp. 26-21 to 26-22.)

rejected the argument that the denial of petitioner's right to cross-examine a rating expert and present rebuttal testimony constituted harmless error. "It is impossible to say . . . whether cross-examination of the rating expert might have had some bearing upon such finding." (*Id.* at p. 855.)

Likewise, we cannot determine whether cross-examination of Arguelles would have had a bearing on the WCJ's award. We cannot consider the error harmless.

## DISPOSITION

The award is annulled and the matter remanded to the WCAB with directions to order the WCJ to reconsider the award after requiring Arguelles to testify on cross-examination. The parties are to bear their respective costs in this proceeding.

Dibiaso, J., and Thaxter, J., concurred.