[Civ. No. 37411. Second Dist., Div. Four. Sept. 17, 1971.]

FREDERICK E. PENNINGTON, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
COUNTY OF LOS ANGELES et al., Respondents.

COUNSEL

Jaffee, Mallery, Thompson, Talbott & Lemaster and Richard C. Mallery for Petitioner.

Rupert A. Pedrin, Stanley S. Feinstein and P. M. Miyamoto for Respondents.

OPINION

FILES, P. J.—Petitioner was a Deputy Sheriff of Los Angeles County when he injured his back in the course of his duties on January 18, 1968, and became totally disabled. He was placed on leave of absence without loss of salary until January 12, 1969, when he retired under the service-connected disability provisions of the County Employees Retirement Law of 1937 (Gov. Code, § 31450 et seq.).

He filed a claim for workmen's compensation and was paid temporary disability payments from January 19, 1969, through February 1, 1970. On March 25, 1970, the referee found that the injuries had become permanent and stationary on January 12, 1970, determined that petitioner's disability was 64 percent, and awarded permanent disability compensation in the amount of $13,440 payable at the rate of $52.50 per week beginning February 20, 1970. The referee further decided that petitioner

had not been entitled to receive any temporary disability payments, and ordered that the compensation carrier (State Compensation Insurance Fund) was entitled to credit for money paid as temporary disability indemnity.

Petitioner asked reconsideration of the latter ruling by the appeals board, which granted reconsideration and then made its own order holding that as a matter of law petitioner had not been entitled to temporary disability indemnity, and that State Fund was entitled to credit for the sums so paid out.

We issued a writ of review to bring the record of the appeals board here. The sole issue presented is whether petitioner was entitled to temporary disability indemnity payments during the period after his retirement and prior to the date when his disability became permanent and stationary.

No issue is raised as to the correctness of the permanent disability award.

■ We have concluded that under the applicable statutes petitioner was entitled to temporary disability indemnity between the time of his retirement and the time his disability became permanent and stationary, and the award must be modified to so provide. Our analysis of the governing law will be stated first.

The county is an employer subject to the provisions of the workmen's compensation law (Lab. Code, § 3300).

Labor Code section 4850 provides in pertinent part:

"Whenever any city policeman, city fireman, county fireman, fireman of any fire district, sheriff or any officer or employee of a sheriff's office, or any inspector, investigator, detective or personnel with comparable title in any district attorney's office, who is a member of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937 (Ch. 3 (commencing with Section 31450), Pt. 3, Div. 4, Title 3, Gov.C.) is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension. . . . If the employer is insured, the payments which, except for

the provisions of this section, the insurer would be obligated to make as disability indemnity to the injured, the insurer may pay to the insured."

This section gives to a deputy sheriff, disabled in the course of his duties, a benefit not afforded to injured workmen generally, that is, a leave on full salary for a limited period in lieu of temporary disability payments. But neither section 4850 nor any other statute denies to petitioner the benefits of the workmen's compensation law generally after the expiration of this period of leave with full pay. Since 1949 workmen have been entitled to compensation for permanent disability in addition to any payment received for temporary disability (Lab. Code, § 4661). Inasmuch as temporary disability payments are not credited against permanent disability awards for workmen generally, and there is no statute calling for different treatment for petitioner, it was improper for the board to order the credit in this case.

The referee and the appeals board based their decision upon their interpretation of Labor Code section 4853 when read with section 4850 (quoted *supra*).[1] Section 4853 provides:

"Whenever such disability of any such officer or employee continues for a period beyond one year, such member shall thereafter be subject as to disability indemnity to the provisions of this division other than Section 4850 during the remainder of the period of said disability or until the effective date of his retirement under the Public Employees' Retirement Act, and the leave of absence shall continue."

The opinion of the appeals board said:

"It is clear from section 4853 that a member of the Public Employees' Retirement System is not entitled to temporary disability indemnity after the effective date of his retirement. . . . The Board perceives no reason why a deputy sheriff who is a member of the Public Employees' Retirement System should be treated any differently from a deputy sheriff who is subject to the County Employees' Retirement Law of 1937."

Preliminarily it is necessary to observe that the Legislature has created two distinct kinds of retirement systems, each of which may include deputy sheriffs among its members: the system now known as Public Employees' Retirement System (P.E.R.S.), formerly known as State Employees' Retirement System (S.E.R.S.), which is governed by its own

---

[1]The opinion of the respondent board and the brief of petitioner discuss the effect of the decisions in *City of Palo Alto* v. *Industrial Acc. Com.* (*Gaudin*) (1965) 232 Cal.App.2d 305 [42 Cal.Rptr. 822] and *City of Palo Alto* v. *Industrial Acc. Com.* (*Kidder*) (1959) 175 Cal.App.2d 83 [345 P.2d 586]. Both of those cases deal with the question whether the injured man was entitled to receive permanent disability benefits. We do not regard these decisions as determinative of the question here.

statute (Gov. Code, § 20000 et seq.); and county systems governed by the County Employees Retirement Law of 1937 (C.E.R.L.) (Gov. Code, § 31450 et seq.).

One of the differences between the two systems is that under P.E.R.S., an amount equal to workmen's compensation benefits paid is deducted from benefits payable under the system (Gov. Code, § 21027). No similar provision is now found in C.E.R.L. Former sections 32080-32082 required that retirement benefits would be reduced by the amount of any workmen's compensation received. (See *Stafford* v. *L. A. etc. Retirement Board* (1954) 42 Cal.2d 795 [270 P.2d 12].) But those sections were repealed in 1959.

In view of this difference, it is hardly surprising to find that the workmen's compensation law contains some provisions which apply differently to the two classes of retirees.

The present language of Labor Code sections 4850 and 4853 is a product of a series of amendments which leave the meaning of section 4853 obscure. For the purpose of this opinion it is sufficient to explain why we believe that section does not bar temporary disability payments in this case.

Section 4850, as written in 1939, commenced thus: "Whenever any city policeman or city fireman who is a member of the State Employees' Retirement System is disabled. . . ." The opening words of section 4853, "Whenever such disability of such city policeman or city fireman. . . .," referred in 1939 only to city policemen and firemen who were members of S.E.R.S.

In 1951 section 4850 was expanded to include "any officer or employee of a sheriff's office" who is a member of S.E.R.S. It was not until 1963 that the Legislature amended section 4850 to apply to officers of the sheriff's office who were under C.E.R.L. Thus we find that deputy sheriffs under S.E.R.S. were given the special benefit of section 4850 for 12 years before that benefit was accorded to deputy sheriffs under C.E.R.L. In view of this disparate treatment of the two classes from 1951 to 1963 we do not regard the failure of the Legislature to give identical treatment in 1963 as an oversight.

The board argues that the opening phrase of section 4853, "Whenever such disability of any such officer," still refers back to section 4850, which now applies to C.E.R.L. deputy sheriffs as well as to P.E.R.S. deputy sheriffs. The premise is valid, but it does not support the board's conclusion. The literal reading of section 4853 is that "such officer" shall

receive the benefits "of this division" (i.e., temporary disability payments), following the first year (which is covered by § 4850) and until his retirement under P.E.R.S. Whatever this may mean as to an officer retiring under P.E.R.S., it cannot be read as cutting off the benefits of an officer who retires under some other system.

The acts of the Legislature have treated P.E.R.S. members differently from C.E.R.L. members and we must assume it intended the distinctions which appear in the compensation statute.

The case is remanded to the respondent appeals board with directions to modify its award to conform with this opinion.

Jefferson, J., and Dunn, J., concurred.