[Civ. No. 30654. First Dist., Div. Two. June 20, 1972.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
GILBERT F. FREITAS, Respondents.

## COUNSEL

T. Groezinger, James J. Vonk and W. R. Lowndes for Petitioner.

Franklin Grady, Lionel K. Hvolboll, Kennedy, Shaw & Kuhn and Leonard Shaw for Respondents.

## OPINION

**TAYLOR, P. J.**—Petitioner, workmen's compensation carrier for the City of San Rafael, seeks review and annulment of an opinion and decision after reconsideration issued by the Workmen's Compensation Appeals Board on October 19, 1971.

The record discloses the following facts. Gilbert Freitas, a policeman employed by the City of San Rafael, suffered a cumulative injury to his nervous system due to the stresses incident to police work during the period of his employment from June 1, 1962, through August 21, 1970. On May 2, 1970, he was hospitalized for psychiatric treatment and shortly thereafter he submitted, through his employer, an application for a disability retirement pension under the State Employees' Retirement System.[1] His application was approved, effective August 20, 1970.[2]

---

[1]Government Code section 21022 provides that "Any . . . local safety member incapacitated for the performance of duty as the result of an industrial disability shall be retired for disability, . . . regardless of age or amount of service." Government Code section 21294 provides that "Upon retirement of a local safety member for industrial disability he shall receive a disability retirement allowance of 50 percent of his final compensation. . . ."

[2]Although the record is not clear on this point, it appears that Freitas was separated from the city's payroll on August 19, 1970, at the expiration of his accumulated sick leave and vacation credits.

Freitas also filed a claim for workmen's compensation benefits, and on February 5, 1971, the board determined that his injury arose out of and in the course of his employment and that it caused temporary total disability beginning May 3, 1970, through December 2, 1970, and continuing indefinitely. The board made an award of temporary disability indemnity, beginning May 3, 1970, through December 2, 1970, and *continuing indefinitely,* further medical treatment to cure or relieve from the effects of the injury, and reimbursement of self-procured medical treatment, including $6,068.60 payable to Ross General Hospital.

On petition by the city and the carrier, the board granted reconsideration and directed that Freitas be examined by an independent medical examiner. The medical examiner reported that in his opinion the disability resulted from Freitas' employment, and that his condition was not yet permanent and stationary. In its opinion and decision after reconsideration dated October 19, 1971, the board affirmed its prior award, stating: "We are satisfied that under this section [Lab. Code, § 4850], although applicant may not be entitled to receive full salary after the effective date of his retirement, he is entitled to receive temporary disability indemnity for so long as he remains temporarily totally disabled."

The sole issue presented is whether a police officer who has retired on a disability pension under the State Employees' Retirement System is entitled to temporary disability indemnity after the effective date of his retirement and until such time as his condition becomes permanent and stationary. No court has decided this precise issue.[3]

Labor Code section 4850 provides that "Whenever any city policeman . . . who is a member of the State Employees' Retirement System is disabled, whether *temporarily or permanently,* by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, *to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such*

---

[3]In *City of Palo Alto* v. *Industrial Acc. Com. (Kidder)* 175 Cal.App.2d 83, 88 [345 P.2d 586], the court ruled that the board (then commission) had jurisdiction to make an award for *permanent* disability benefits after the employee had retired. Permanent disability, of course, is distinguished from temporary disability in that it is to compensate for the irreversible residuals of an injury which produce an impairment of earning power or capacity. *Kidder* was followed in *City of Palo Alto* v. *Industrial Acc. Com. (Gaudin)* 232 Cal.App.2d 305, 313 [42 Cal.Rptr. 822]. *Pennington* v. *Workmen's Comp. Appeals Bd.,* 20 Cal.App.3d 55 [97 Cal.Rptr. 380], is not applicable, for it involves a member retiring under the County Employees Retirement Law.

*disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension. . . .* If the employer is insured, the payments which, except for the provisions of this section, the insurer would be obligated to make as disability indemnity to the injured, the insurer may pay to the insured" (italics added).

Labor Code section 4853 reads as follows: "Whenever *such disability* of any such officer or employee continues for a period beyond one year, such member shall thereafter be subject as to disability indemnity to the provisions of this division *other than Section 4850* during the remainder of the period of said disability or *until the effective date of his retirement under the State Employees' Retirement Act,* and the leave of absence shall continue" (italics added).

In *Boyd* v. *City of Santa Ana,* 6 Cal.3d 393 [99 Cal.Rptr. 38, 491 P.2d 830], the court held that a city may not deprive a police officer of the valuable rights conferred by Labor Code sections 4850 and 4853, by terminating his employment on the basis of his physical unfitness where his disability is due to injury or illness arising out of and in the course of his duties.[4] In *Boyd,* the court stated at page 397: "Section 4850 applies whether the disability is temporary or permanent. The section makes clear that a policeman disabled 'temporarily or permanently' by injury or illness arising out of and in the course of his duties is 'entitled' to leave of absence without loss of salary for one year or until retirement on disability pension. Under section 4853, the policeman, after the leave of absence with pay has expired, is entitled to continue his leave of absence without pay until retirement and is also permitted to secure benefits under the workmen's compensation law."

Payments pursuant to section 4850 are not salary but workmen's compensation benefits (*Boyd* v. *City of Santa Ana, supra,* p. 397).[5]

---

[4]Government Code section 21023.5 provides: "Notwithstanding any other provision of law, an employer *may not separate because of disability a member otherwise eligible to retire for disability but shall apply for disability retirement of any member believed to be disabled,* unless the member waives the right to retire for disability and elects to withdraw contributions or to permit contributions to remain in the fund with rights to service retirement as provided in Section 20393." (Added Stats. 1970, ch. 1447, § 2; italics added.)

[5]Despite the fact that the board has jurisdiction, when requested, to determine whether the disability arose out of or occurred in the course of duty, the board has neither the power nor the duty to fix the amount of compensation by an award. *The liability of the city under the section is enforceable in the courts in mandamus proceedings* (*Boyd, supra,* p. 397; Lab. Code, § 4851).

Although Freitas was entitled by the provisions of Labor Code section 4850 to leave of absence with full salary for a period of one year "in lieu of temporary disability payments," he retired on August 20, 1970, less than four months after the disability began, on a disability pension under the State Employees' Retirement System.[6]

■ At retirement, Freitas' right to a leave of absence with full pay terminated (*Eason* v. *City of Riverside,* 233 Cal.App.2d 190, 195 [43 Cal. Rptr. 408]). If Freitas had not retired, his entitlement to leave of absence with full salary would have expired at the end of a year, but he would have been entitled, under the provisions of Labor Code section 4853 to continue his leave of absence without pay and to receive temporary disability indemnity[7] "during the remainder of the period of said disability or until the effective date of his retirement under the State Employees' Retirement Act. . . ." If full salary "in lieu of temporary disability payments" ceases upon retirement under section 4850, temporary disability payments must, in all logic, also cease upon retirement under section 4853.

■ We conclude that an award of temporary disability indemnity to a city policeman may not extend beyond the effective date of his retirement on a disability pension under the State Employees' Retirement System. The matter is remanded to the board, with directions to modify its award to conform with this opinion.

Kane, J., and Rouse, J., concurred.

A petition for a rehearing was denied July 20, 1972.

---

[6]Government Code section 21025.5 provides: "Notwithstanding any other provision of this article, the retirement for disability of a member who has been granted or is entitled to a leave of absence with compensation, shall not become effective prior to the expiration of such leave of absence with compensation, *unless the member applies for or consents to his retirement as of an earlier date*" (italics added).

[7]In *City of Palo Alto* v. *Industrial Acc. Com. (Kidder), supra,* at page 88, the court stated: "It seems apparent that the term 'such disability' as used in section 4853 must refer to the same disability covered in section 4850 since there is no other disability to which it might refer. By express provision in the latter section the disability therein referred to is temporary disability. We must conclude that the term 'such disability' as used in section 4853 *refers to temporary disability only* and not to temporary and/or permanent disability." (Italics added.) In *City of Palo Alto* v. *Industrial Acc. Com. (Gaudin), supra,* at page 313, the court permitted the *Kidder* interpretation to stand, despite amendments to section 4850 in 1961.