[Civ. No. 27674. Fourth Dist., Div. Two. July 19, 1982.]

RICHARD GORMAN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
CITY OF SAN CLEMENTE et al., Respondents.

**COUNSEL**

Lewis, Marenstein & Kadar, Richard T. Unitan and Steven M. Barry for Petitioner.

Kegel, Tobin & Hamrick, David E. Lister, John G. Newport, Donna M. Vose, Richard A. Krimen, Michael J. Brodie, Arthur Hershenson, Fernando Da Silva, Louis Harris and Robert A. La Porta for Respondents.

**OPINION**

**KAUFMAN, J.**—Petitioner, an industrially injured policeman who has retired for disability and is receiving disability retirement payments, seeks review of an order of the Workers' Compensation Appeals Board (the Board) denying reconsideration of an order rejecting his claim for continued temporary disability indemnity payments in connection with a rehabilitation program in which he is enrolled. The Board concluded

that upon retiring for disability petitioner was not eligible to continue receiving temporary disability payments under the Workers' Compensation Act or Labor Code section 139.5.[1] We agree and will affirm the order of the Board.

Richard Gorman (petitioner) was employed as a police officer by the City of San Clemente from 1973 through May 23, 1979. It was adjudicated in 1980 that petitioner had suffered several industrial injuries resulting in permanent partial disability. Petitioner took a one-year leave of absence with pay pursuant to Labor Code section 4850[2] and thereafter applied for and was granted disability retirement. He is and has been, therefore, receiving disability retirement payments.

Subsequently, a rehabilitation plan was initiated pursuant to section 139 et seq. However, the City of San Clemente and State Compensation Insurance Fund (the defendants), while not opposing the petitioner's right to participate in the rehabilitation program or receive other benefits, did object to petitioner's claim that he was entitled to continue to receive temporary disability indemnity payments pursuant to subdivision (c) of section 139.5[3] in addition to disability retirement payments. The Rehabilitation Bureau ordered the defendants to pay temporary disability indemnity pursuant to subdivision (c) of section 139.5. Defendants appealed to the Board, and both the WCAB trial judge and the Board ruled that the petitioner's right to temporary disability benefits under the Workers' Compensation Act terminated pursuant to section 4853[4] when he retired for disability and that he was therefore not enti-

---

[1] All further statutory references will be to the Labor Code unless otherwise specified.

[2] Section 4850 reads in pertinent part: "Whenever any city policeman ... who is a member of the Public Employees' Retirement System ... is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city ... to leave of absence while so disabled without loss of salary in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, or until such earlier date as he is retired on permanent disability pension."

[3] Subdivision (c) of section 139.5 reads: "When a qualified injured workman chooses to enroll in a rehabilitation program, *he shall continue to receive temporary disability indemnity payments*, plus additional living expenses necessitated by the rehabilitation program, together with all reasonable and necessary vocational training, at the expense of the employer or the insurance carrier, as the case may be." (Italics added.)

[4] Section 4853 reads: "Whenever such disability of any such officer or employee [in this case a policeman] continues for a period beyond one year, such member shall thereafter be subject as to disability indemnity to the provisions of this division ... during the remainder of the period of said disability *or until the effective date of his retirement* under the Public Employees' Retirement Act.   ." (Italics added.)

tled to continue to receive temporary disability benefits under section 139.5. We issued a writ of review because of the absence of any authoritative precedent governing this significant issue.

Petitioner acknowledges that generally a safety employee's right to temporary disability benefits under the Workers' Compensation Act terminates on the effective date of his retirement pursuant to section 4853. ■ His principal argument is that what he calls "rehabilitation maintenance" is something other than temporary disability benefit payments under the Workers' Compensation Act; that the purpose of "rehabilitation maintenance" is different from that of temporary medical disability payments under the act; and that section 4853 terminating the right of a safety employee to temporary disability benefit payments under the act on the effective date of retirement should not be read as terminating a safety employee's right to receive "rehabilitation maintenance" payments.

We think the reference to "rehabilitation maintenance" serves little purpose but to muddy the waters. If by that term the petitioner has reference not only to the continued temporary disability indemnity payments referred to in subdivision (c) of section 139.5 but also the additional living expenses referred to in the statute,[5] it is necessary to clarify one point immediately. The only benefit petitioner has been denied is continued temporary disability indemnity payments.

We think petitioner is correct in asserting that the purpose of continuing temporary disability benefit payments during the course of rehabilitation serves a somewhat different purpose than the payment of temporary disability benefits in the first instance. Obviously, the purpose of continued payments during rehabilitation is to provide sustenance for the employee during the rehabilitative process. However, that statutory purpose is in no way thwarted by the ruling and order of the Board that a safety employee who has retired for disability and is receiving disability retirement payments is not also entitled to continued temporary disability payments. Sustenance is provided the employee during the rehabilitative process by the disability retirement payments being received by him.

---

[5]At oral argument counsel for petitioner stated that by the term "maintenance" he meant nothing other than continued temporary disability benefits as specified in section 139.5, subdivision (c).

In any event, the Legislature in this instance has by the language it used made its intention in respect to this problem quite clear. It did not employ a new term for the temporary support to be paid an injured worker during the course of a program of rehabilitation. It specifically, and no doubt deliberately, spoke of the payments to be received as a continuation of temporary disability indemnity payments—"he shall continue to receive temporary disability indemnity payments." (See fn. 3, *ante.*)

And the meaning of section 4853 is perfectly clear: when a safety employee has received a disabling industrial injury and the disability continues beyond one year, the employee "shall thereafter be subject as to disability indemnity to the provisions of this division [he or she shall receive temporary disability benefits up to the maximum number of weeks allowed] ... during the remainder of the period of said disability *or until the effective date of his retirement under the Public Employees' Retirement Act* ...." (See fn. 4, *ante*; italics added.) In other words, upon the effective date of his or her retirement under the Public Employees' Retirement Act, the right to temporary disability benefits under the Workers' Compensation Act terminates. (*State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd.* (1972) 26 Cal.App.3d 200, 204 [103 Cal.Rptr. 29].)

The Board properly construed the applicable statutory provisions; its order is affirmed.

Morris, P. J., and Trotter, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 15, 1982.