[Civ. No. 68896. Second Dist., Div. Seven. Jan. 11, 1984.]

LOS ANGELES UNIFIED SCHOOL DISTRICT, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD
and RUSSELL L. MATTHEWS, Respondents.

COUNSEL

Barclay & Stringfellow and Dean M. Stringfellow for Petitioner.

Stolzberg & Spencer and Michael M. Stolzberg for Respondents.

OPINION

**THOMPSON, J.**—Petitioner, Los Angeles Unified School District, seeks review and annulment of an order of the Workers' Compensation Appeals Board (Board) denying reconsideration of an award allowing simultaneous recovery of temporary disability benefits for vocational rehabilitation and a disability retirement pension through the Public Employees Retirement System (PERS).

Respondent Russell Matthews, employed as a custodian for petitioner Los Angeles Unified School District, suffered industrial injuries during the period of his employment from 1949 through September 22, 1978. Respondent retired on November 17, 1979, and was granted disability retirement under PERS. Since that time he has been receiving a disability retirement pension.

On August 24, 1981, a compromise and release was approved which terminated respondent's rights to workers' compensation benefits except for vocational rehabilitation benefits. Subsequently, respondent requested temporary disability indemnity under the rehabilitation provisions of Labor Code section 139.5.[1] He was examined by Dr. Turkull, who reported that

---

[1]All statutory references are to the Labor Code, unless otherwise indicated.

respondent had not been capable of returning to his job as of March 20, 1979. The rehabilitation bureau determined that respondent was entitled to rehabilitation temporary disability and ordered petitioner to pay disability indemnity retroactive to March 20, 1979. Petitioner appealed the order, claiming it was entitled to a credit for retirement disability payments against rehabilitation temporary disability indemnity. The workers' compensation judge denied the credit and found petitioner liable for rehabilitation temporary disability benefits pursuant to section 139.5. Petitioner sought reconsideration from the Board, which was denied.

Petitioner contends that the workers' compensation judge erred in ruling that (1) respondent was entitled to rehabilitation temporary disability after his PERS retirement was effectuated, and (2) petitioner was not entitled to credit.

 In urging that respondent is not entitled to rehabilitation temporary disability benefits, petitioner relies upon the decision in *Gorman* v. *Workers' Comp. Appeals Bd.* (1982) 133 Cal.App.3d 998 [184 Cal.Rptr. 406]. In *Gorman,* an industrially injured police officer took a one-year leave of absence with pay pursuant to section 4850[2] and thereafter was granted disability retirement under PERS. The court held that, pursuant to section 4853,[3] a "safety" employee who receives disability retirement benefits is not also entitled to continued temporary disability payments in connection with a rehabilitation program under section 139.5. (*Gorman, supra,* 133 Cal.App.3d at p. 1002; see also *State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd.* (1972) 26 Cal.App.3d 200, 204 [103 Cal.Rptr. 29].)

Sections 4850 and 4853 are included in article 7 of chapter 2, part 2, in division 4 of the Labor Code. Article 7 is entitled "City Police and Firemen, Sheriffs, and Others," and embraces the subject of the computation of compensation benefits for injured public safety employees. The provisions of sections 4850 and 4853 pertain exclusively to city and county police officers and firefighters, deputy sheriffs, district attorney investigators and life-

---

[2]Section 4850 provides in part that whenever a public safety employee becomes disabled, "whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, to leave of absence while so disabled without loss of salary in lieu of temporary disability payments . . . ,for the period of such disability but not exceeding one year . . . ."

[3]Section 4853 provides in pertinent part: "Whenever such disability of any such [safety] officer or employee continues for a period beyond one year, such member shall thereafter be subject as to disability indemnity to the provisions of this division . . . during the remainder of the period of said disability *or until the effective date of his retirement* under the Public Employees' Retirement Act . . . ." (Italics added.)

guards whose principal duties involve law enforcement or public safety. Section 4850 expressly excludes employees of city and county police and fire departments "whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise and whose functions do not clearly fall within the scope of active law enforcement [or fire-fighting] service . . . ." Section 4855 expressly exempts "reserve public safety employees" from the provisions of article 7. Respondent, a retired school custodian, is clearly not a "safety" employee under the terms of sections 4850 et seq., but rather a school member of PERS whose occupational functions do not involve public safety or law enforcement. (See Gov. Code, § 20013, subd. (d).)

Notwithstanding the fact that the above statutory provisions are specifically limited to safety employees (*Quintana and Brown v. Contra Costa County* (1982) 47 Cal.Comp.Cases 512, 516), petitioner urges that we extend the rationale adopted in *Gorman* and broadly interpret section 4853 to include respondent and other nonsafety PERS members within its provisions. Petitioner asserts that it is not the legislative intent of section 4853 to grant nonsafety members simultaneous payments of rehabilitation temporary disability and PERS retirement, and at the same time, deprive such double recovery to firemen and policemen.

■ It is a well established principle of statutory construction that the duty of the court is " 'simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted; . . .' (Code Civ. Proc., § 1858.)" (*IGA Aluminum Products, Inc.* v. *Manufacturers Bank* (1982) 130 Cal.App.3d 699, 703 [181 Cal.Rptr. 859].) Our function " 'is to construe the words of the Legislature by their ordinary meaning, not to expand their definition to include matters or persons not expressly covered nor included by the law making branch of government [citations].' " (*Marsille* v. *City of Santa Ana* (1976) 64 Cal.App.3d 764, 769-770 [134 Cal.Rptr. 743].)

■ Furthermore, in enacting a workers' compensation law, "the Legislature has broad power to classify employees in relation to the benefits provided. 'It is the duty of the Legislature to determine whether the facts justify such a classification and the burden of the challenger to show that the legislative conclusion is arbitrary. [Citation.] . . . "Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond a ra-

tional doubt erroneous." ' [Citation.]" (*Saal* v. *Workmen's Comp. Appeals Bd.* (1975) 50 Cal.App.3d 291, 300 [123 Cal.Rptr. 506].)

■ Applying the foregoing principles of construction to the instant matter, the language contained in section 4850 et seq. is clearly limited to safety employees. We thus decline to insert the additional classification of nonsafety PERS members in the statutory language. Any change in the current law to include nonsafety PERS members within the provisions of section 4853 should therefore be made by the Legislature and not by judicial amendment.

Furthermore, safety employees are granted special benefits during periods of temporary disability. Section 4850 grants these individuals a one year leave of absence with full pay in lieu of temporary disability payments, until retirement on disability pension. In contrast, pursuant to section 4653, all other temporarily disabled employees are allowed a disability payment equal to two-thirds of their average weekly earnings. In view of the special benefits granted exclusively to the class of safety employees, we perceive no "inequity" in not applying section 4853 to the class of nonsafety employees who are denied such benefits.

■ Equally unavailing is petitioner's contention that it is entitled to a credit against its liability for rehabilitation temporary disability for amounts received by respondent from PERS retirement. To allow petitioner credit against its liability for rehabilitation temporary disability maintenance would be contrary to the objective of the workers' compensation laws and specifically section 139.5, which is to maximally promote the vocational rehabilitation of the injured worker. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 232 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ Section 139.5 is directly related to the policy and overall purpose of workers' compensation which is " 'to insure to the injured employee and those dependent upon him adequate means of subsistence while he is unable to work and also to bring about his recovery as soon as possible in order that he may be returned to the ranks of productive labor. By this means society as a whole is relieved of the burden of caring for the injured workman and his family, and the burden is placed upon the industry.' [Citation.] The underlying policy of . . . constitutional and statutory provisions as well as the recurrent theme of countless appellate decisions on the matter has been one of a pervasive and abiding solicitude for the workman." (*Moyer, supra,* 10 Cal.3d at p. 233.)

■ Alternatively, petitioner relies upon Government Code section 21025.6,[4] which delays "the retirement of a member who has been offered enrollment in a rehabilitation program provided by the employer, or appointing power if he is a state member . . . ." Petitioner asserts that Government Code section 21025.6 supports its entitlement to an offset, in that an implicit purpose of the section is avoidance of double compensation of rehabilitation temporary disability and retirement compensation.

Even were we to assume that respondent is within the provisions of Government Code section 21025.6 (see *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1979) 88 Cal.App.3d 43 [152 Cal.Rptr. 153]), the section does not expressly provide for the right to a credit offset. (*Marsille* v. *City of Santa Ana, supra,* 64 Cal.App.3d at pp. 769-770.) Petitioner does not direct this court to any other statutory provision which specifically provides for such an offset. Nor is it contended by petitioner that there is a contractual provision between the parties specifically affording a credit to the employer. (Cf. *Giles* v. *Oakland* (1980) 46 Cal.Comp.Cases 179, 181, 184.) ■ Moreover, it is well established that the employer has the burden of proof to establish entitlement to credit. Evidence Code section 500 states that "[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." In addition, section 5705 provides: "The burden of proof rests upon the party holding the affirmative of the issue." (See also *Ott* v. *Workers' Comp. Appeals Bd.* (1981) 118 Cal.App.3d 912, 921, 922 [173 Cal.Rptr. 648].) Inasmuch as the credit claimed by an employer is an offset which must be affirmatively proven, the burden on this issue must rest with petitioner in the present case. We conclude that petitioner has not met its burden in this regard, either pursuant to statutory authorization or contractual provision for credit. (See *Ott* v. *Workers' Comp. Appeals Bd., supra,* 118 Cal.App.3d at p. 922; see also *Quintana and Brown* v. *Contra Costa County, supra,* 47 Cal.Comp.Cases at p. 517; 1A Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1983) § 19.03[2], p. 19-18.)

We conclude that the Board properly construed the applicable statutory provisions and correctly determined pursuant thereto that respondent is en-

---

[4]Government Code section 21025.6 provides: "Notwithstanding any other provision of this article, the retirement of a member who has been offered enrollment in a rehabilitation program provided by the employer, or appointing power if he is a state member, shall not become effective until:

"(a) The employer or appointing power determines that the rehabilitation program is ineffective and cancels his enrollment in such program, or

"(b) The member requests release from the rehabilitation program unless the member rejects the offer of enrollment in such rehabilitation program within 30 days after notice by the Public Employees' Retirement System of his eligibility for disability retirement."

titled to rehabilitation temporary disability indemnity concurrently with PERS retirement payments, and that petitioner should be disallowed credit against its liability for such temporary disability.[5]

The award and decision of the Board is affirmed.

Johnson, Acting P. J., and Merrick, J.,* concurred.

A petition for a rehearing was denied February 1, 1984, and petitioner's application for a hearing by the Supreme Court was denied April 19, 1984.

---

[5]Respondent Matthews' request for attorney's fees pursuant to Labor Code section 5801 is denied. (See *Employers Mut. Liab. Ins. Co.* v. *Workmen's Comp. Appeals Bd.* (1975) 46 Cal.App.3d 104, 109 [120 Cal.Rptr. 48].)

*Assigned by the Chairperson of the Judicial Council.