[No. B022928. Second Dist., Div. Four. Mar. 25, 1987.]

JAMES BURNS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and COUNTY OF
LOS ANGELES, Respondents.

COUNSEL

Lewis, Marenstein & Kadar and Allan M. Fensten for Petitioner.

De Witt W. Clinton, County Counsel, Milton J. Litvin, Assistant County Counsel, and Eduardo Lopez, Deputy County Counsel, Richard W. Younkin, William B. Donohoe, Alvin R. Barrett and Charles E. Finster for Respondents.

OPINION

**WOODS, P. J.**—In this proceeding we review an order reversing a decision of the Rehabilitation Bureau (Bureau) that awarded retroactive vocational rehabilitation temporary disability indemnity (VRTD) to a retired Los Angeles County (County) deputy sheriff. We are presented with the issue whether a county may refuse to provide VRTD to an industrially injured public safety worker because the worker receives a County Employees Retirement Law (CERL) (Gov. Code, § 31450 et seq.) disability pension and a Public Employees' Retirement System (PERS) service pension that was earned solely as a result of former employment by a city. We conclude that the employee's entitlement to and receipt of both pensions does not relieve the county of its obligation to provide VRTD.

Applicant was employed by the City of Lynwood (City) as a police officer from July 1, 1957, to May 1, 1977, and had a vested right to a PERS service pension as a result of his employment by City.

On May 1, 1977, City contracted with County to perform police services for County. As a result, applicant became a County deputy sheriff. During the May 1, 1977, to June 23, 1983, period of applicant's employment as a deputy sheriff, applicant sustained industrial injury.

On December 5, 1983, pursuant to stipulation, applicant was awarded 33¾ percent permanent disability based upon a preclusion from very heavy work and undue emotional stress; the disability indemnity was made payable beginning June 26, 1983.

On March 10, 1984, applicant was granted a disability retirement under the CERL as a result of the industrial injury. He elected at that time to begin receiving his PERS service pension. He receives approximately $1,600 per month from the CERL disability pension and a similar amount from the PERS service pension.

Applicant was determined to be a qualified injured worker and participated in a rehabilitation program, which he completed on May 12, 1985. County failed to provide VRTD, but provided other vocational rehabilitation benefits. On March 10, 1986, the Bureau ordered that applicant be paid VRTD for the March 10, 1984, through May 12, 1985, period but that County receive credit for any temporary disability indemnity paid and wages earned during this period. Upon County's appeal, the workers' compensation judge (WCJ) vacated the Bureau's decision and order. In his opinion on decision, he explained that he based his decision on Labor Code section 4853 and *Gorman* v. *Workers' Comp. Appeals Bd.* (1982) 133 Cal.App.3d 998 [184 Cal.Rptr. 406]. Applicant thereafter petitioned for reconsideration.

In the WCJ's report and recommendation on the petition for reconsideration, the WCJ reiterated that *Gorman* and Labor Code section 4853 precluded an award of VRTD. He noted that section 4853 does not mention CERL retirements and observed that the section "does not specifically mention that the retirement under the 'Public Employees' Retirement Act' has to be a disability retirement as opposed to a service retirement." He concluded: "It should be noted that the applicant's Public Employees' Retirement System service retirement began simultaneously with his County disability retirement, and it is this judge's opinion that it was the intention of Labor Code Section 4853 to include the applicant's situation. [¶] To allow the applicant to receive vocational rehabilitation temporary disability while receiving the combination Public Employees' Retirement System and County retirement would be in violation of Labor Code Section 4853."

The Workers' Compensation Appeals Board (Board) unanimously adopted the WCJ's report and denied reconsideration.

Applicant contends that County may not disallow VRTD because the injured worker is receiving a PERS service pension. County and the Board contend (1) that VRTD was unnecessary in the present case because the combined pension payments provided adequate sustenance, and (2) that under Labor Code section 4853 a deputy sheriff's right to VRTD terminates on the effective date of any PERS retirement.

At the time of applicant's injury (see Lab. Code, § 5412), Labor Code section 4850 provided in pertinent part: "Whenever any city policeman, city fireman, county fireman, fireman of any fire district, sheriff or any officer or employee of a sheriff's office, any inspector, investigator, detective or personnel with comparable title in any district attorney's office, or lifeguard employed year round on a regular, full-time basis by a county of the first class, who is a member of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937 (Chapter 3 (com-

mencing with Section 31450), Part 3, Division 4, Title 3, Government Code) is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the city or county, to leave of absence while so disabled without loss of salary in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of such disability but not exceeding one year, *or until such earlier date as he is retired on permanent disability pension. . . .*" (Stats. 1977, ch. 981, § 1, p. 2957; italics added.)[1]

Labor Code section 4853 provides: "Whenever such disability of any such officer or employee continues for a period beyond one year, such member shall thereafter be subject as to disability indemnity to the provisions of this division other than Section 4850 during the remainder of the period of said disability *or until the effective date of his retirement under the Public Employees' Retirement Act,* and the leave of absence shall continue." (Italics added.)

In *Pennington v. Workmen's Comp. Appeals Bd. (County of Los Angeles)* (1971) 20 Cal.App.3d 55 [97 Cal.Rptr. 380], this court held that a county deputy sheriff was entitled to temporary disability indemnity after retiring on a CERL industrial disability pension because Labor Code section 4853 does not mention CERL retirements. (*Pennington, supra,* 20 Cal.App.3d at pp. 57-60.) In so holding, this court noted: "[U]nder P.E.R.S., an amount equal to [workers'] compensation benefits paid is deducted from benefits payable under the system (Gov. Code, § 21027). No similar provision is now found in C.E.R.L. Former sections 32080-32082 required that retirement benefits would be reduced by the amount of any [workers'] compensation

---

[1] In 1983 Labor Code section 4850 was amended to provide that salary benefits were payable for a period not exceeding one year "or until such earlier date as [the employee] is retired on permanent disability pension, and is actually receiving disability pension payments." (Stats. 1983, ch. 762, § 1, p. 2802.)

Labor Code section 4850 currently provides in part: "Whenever any city policeman, harbor policeman of any harbor district, city, county, or district firefighter, sheriff or any officer or employee of a sheriff's office, any inspector, investigator, detective, or personnel with comparable title in any district attorney's office, or lifeguard employed year round on a regular, full-time basis by a county of the first class, who is a member of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937 (Chapter 3 (commencing with Section 31450) of Part 3 of Division 4 of Title 3 of the Government Code) is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his or her duties, he or she shall become entitled, regardless of his or her period of service with the city, county, or district, to leave of absence while so disabled without loss of salary in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of the disability, but not exceeding one year, *or until such earlier date as he or she is retired on permanent disability pension, and is actually receiving disability pension payments, or advanced disability pension payments pursuant to Section 4850.3 of the Labor Code. . . .*" (Italics added.)

received. [Citation.] But those sections were repealed in 1959. [¶] In view of this difference, it is hardly surprising to find that the [workers'] compensation law contains some provisions which apply differently to the two classes of retirees." (*Id.,* at p. 59.)[2]

In *Quintana* v. *Contra Costa County* (1982) 47 Cal.Comp.Cases 512, en banc, the Board relied on *Pennington* to hold that the county was not entitled to credit against VRTD for CERL disability pension payments received by a county fire fighter. (*Quintana, supra,* 47 Cal.Comp.Cases at pp. 515-516, 519-520.) After mentioning the importance of vocational rehabilitation, the Board stated: "The concern for avoiding double recovery is secondary and may not even be applicable where the payments stem from different and perhaps separate obligations of the employer." (*Id.,* at p. 520.) The Board stated in dictum: "[A] public safety employee subject to Labor Code Section 4850 is subject to termination of his temporary disability benefits, including rehabilitation temporary disability if he is retired under PERS . . . ." (*Id.,* at p. 516.) In reaching this conclusion, the Board discussed an unpublished Board panel decision determining that a county deputy sheriff was not entitled to continuing VRTD after his PERS retirement, but did not explain whether the retirement was a disability retirement or a service retirement. (*Id.,* at pp. 514-516.)

In *Gorman* v. *Workers' Comp. Appeals Bd., supra,* 133 Cal.App.3d 998, the Fourth District Court of Appeal held that a city police officer was not entitled to receive VRTD after his PERS disability retirement. (*Id.,* at pp. 999-1002.) Without mentioning CERL retirements or specifically discussing PERS service retirements, the court stated: "Petitioner acknowledges that generally a safety employee's right to temporary disability benefits under the Workers' Compensation Act terminates on the effective date of his retirement pursuant to section 4853. . . .

". . . . . . . . . . . . . . . . . . . .

"[T]he purpose of continued payments during rehabilitation is to provide sustenance for the employee during the rehabilitative process. However, that statutory purpose is in no way thwarted by the ruling and order of the Board

---

[2]Government Code section 21027 provides: "If it is not claimed that the disability is industrial or if such claim is made and the member so requests, the board shall proceed with retirement and with the payment of such benefits as are payable when disability is not industrial. If the appeals board subsequently determines that disability is industrial, an amount equal to the benefits paid shall be deducted from the benefits payable under this system because of such determination. No additional benefits shall be payable, however, because disability is determined to be industrial unless the application for such determination is filed with the appeals board or in the office of this system in Sacramento, for transmission to the appeals board, within two years after the effective date of the member's retirement."

that a safety employee who has retired for disability and is receiving disability retirement payments is not also entitled to continued temporary disability payments. Sustenance is provided the employee during the rehabilitative process by the disability retirement payments being received by him." (*Gorman, supra,* 133 Cal.App.3d at p. 1001.)

In *Los Angeles Unified School Dist. v. Workers' Comp. Appeals Bd. (Matthews)* (1984) 150 Cal.App.3d 823 [198 Cal.Rptr. 116], Division Seven of this court held that a nonsafety member of PERS was entitled to receive VRTD concurrently with PERS disability pension payments. (*Id.,* at pp. 826-830.) The court explained that to allow the employer credit for the pension payments would contravene the objective of the workers' compensation laws and specifically that of Labor Code section 139.5 "to maximally promote the vocational rehabilitation of the injured worker. (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 232 [110 Cal.Rptr. 144, 514 P.2d 1224].)" (*Matthews, supra,* at p. 828.)[3] The court determined that Government Code section 21025.6 neither expressly nor implicitly provides for a credit offset. (*Matthews, supra,* 150 Cal.App.3d at p. 829.)[4]

The parties have not directed this court's attention to any opinion discussing whether a public safety worker who is industrially injured during employment by a county that is a member of the CERL system may receive VRTD after the effective date of the employee's CERL disability retirement if the employee also receives a PERS service pension earned solely as a result of former employment by another governmental entity.

As noted, *ante,* at the time of applicant's injury Labor Code section 4850 provided that an industrially injured county deputy sheriff may receive full salary in lieu of temporary disability indemnity for a period not exceeding

---

[3]Labor Code section 139.5, subdivision (c) provides: "When a qualified injured worker chooses to enroll in a rehabilitation program, he or she shall continue to receive temporary disability indemnity payments, plus additional living expenses necessitated by the rehabilitation program, together with all reasonable and necessary vocational training, at the expense of the employer or the insurance carrier, as the case may be."

[4]Government Code section 21025.6 provides: "Notwithstanding any other provision of this article, the retirement of a member who has been offered enrollment in a rehabilitation program provided by the employer, or appointing power if he is a state member, shall not become effective until: [¶] (a) The employer or appointing power determines that the rehabilitation program is ineffective and cancels his enrollment in such program, or [¶] (b) The member requests release from the rehabilitation program unless the member rejects the offer of enrollment in such rehabilitation program within 30 days after notice by the Public Employees' Retirement System of his eligibility for disability retirement. [¶] If a member pursuant to such program enters a position in state service, he shall be retired thereafter for disability only in accordance with provisions of this part other than this section if he becomes incapacitated for performance of duty in that position. Such disability shall be deemed to be industrial if the disability resulting in enrollment in the program was industrial."

one year or "until such earlier date as [the employee] is retired [under CERL or PERS] on permanent disability pension." (Stats. 1977, ch. 981, §1, p. 2957.) Labor Code section 4853 provides that whenever the disability continues beyond one year, "such member" may receive disability indemnity "during the remainder of the period of said disability or until the effective date of his retirement under the Public Employees' Retirement Act . . . ." Thus, neither section expressly addresses whether a public safety employee within one of the categories listed in section 4850 may receive temporary disability indemnity after the date of disability retirement during a period in which the disability has continued for less than a year. In *State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd. (Freitas)* (1972) 26 Cal.App.3d 200 [103 Cal.Rptr. 29], the court noted this disparity and concluded that under Labor Code section 4853 an award of temporary disability indemnity to a city police officer may not extend beyond the effective date of the officer's PERS disability retirement. (*State Compensation Ins. Fund, supra,* 26 Cal.App.3d at p. 204.)

■ Three aspects of Labor Code section 4853 are significant to the present case. First, section 4853 does not refer to CERL retirements. It therefore does not purport to limit the right to VRTD after the effective date of such a retirement. (*Quintana* v. *Contra Costa County, supra,* 47 Cal.Comp.Cases at pp. 516, 519-520; see *Pennington* v. *Workmen's Comp. Appeals Bd., supra,* 20 Cal.App.3d at pp. 59-60.) ■ Second, while section 4853 does not specify the nature of the PERS retirement that terminates certain benefits of listed safety employees, it refers to Labor Code section 4850, which describes the relevant retirement in that section as a retirement on a "permanent disability pension." When both sections are read as part of an entire statutory scheme, it is apparent that the PERS retirement mentioned in section 4853 is an industrial disability retirement. Third, section 4853 describes the duration of a public safety employee's right to receipt of "disability indemnity" under "the provisions of this division [division 4 of the Labor Code]." The right to VRTD, however, is governed by Labor Code section 139.5, subdivision (c), which is part of division 1.[5]

■ In construing Labor Code section 4853, we observe that the Supreme Court has repeatedly recognized that the rule of liberal construction must

---

[5]We note that in *Quintana* v. *Contra Costa County, supra,* 47 Cal.Comp.Cases 512 , the Board concluded in dictum that, because Labor Code section 3207 defines compensation as including vocational rehabilitation benefits and is part of division 4, a public safety employee within one of the classes specified in Labor Code section 4850 is not entitled to VRTD after a PERS retirement. (*Quintana, supra,* 47 Cal.Comp.Cases at pp. 514-516.) The Board did not discuss the fact that Labor Code section 139.5 is part of a separate division of the Labor Code, and we are unpersuaded by its apparent conclusion that in the context of vocational rehabilitation the section defining compensation for purposes of division 4 is more significant than Labor Code section 139.5, which specifies affirmative obligations of the employer.

be applied to all aspects of workers' compensation law and that the underlying policy of the workers' compensation statutes and their constitutional foundation (Cal. Const., art. XIV, § 4), as well as the recurrent theme of countless appellate decisions, has been "one of pervasive and abiding solicitude for the worker. [Citations.]" *(Industrial Indemnity Co. v. Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633, 638 [211 Cal.Rptr. 683]; see, e.g., *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626-634 [170 Cal.Rptr. 32, 620 P.2d 618].) Respondents urge this court to apply the dictum in *Gorman* v. *Workers' Comp. Appeals Bd., supra,* 133 Cal.App.3d 998, that VRTD need not be provided after the effective date of a public safety employee's disability retirement or, alternatively, to hold that because of the amounts of applicant's pension payments, applicant is receiving adequate sustenance and does not need VRTD. While applicant's simultaneous receipt of a CERL disability pension and a PERS service pension may well constitute a greater income than is received by the average qualified injured worker, we decline respondents' invitation to apply the *Gorman* dictum or adopt a case by case approach to the right to VRTD after retirement dependent upon the degree of sympathy or lack thereof evoked by the financial circumstances of a particular case. Such an approach would lead in many cases to undue delay in the provision of needed VRTD. (See *Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 230 [93 Cal.Rptr. 192, 481 P.2d 200] [genuine doubt as to liability for benefits constitutes satisfactory excuse for delay].)

In *Webb* v. *Workers' Comp. Appeals Bd., supra,* 28 Cal.3d 621, the Supreme Court explained that the Legislature has required prompt provision of vocational rehabilitation and VRTD for two reasons: "The first was to encourage employees to enroll in rehabilitation training by maintaining financial support to help defray their expenses while they participate in such programs. [Citation.] The second, equally clear, was to place on employers the primary duty of promptly making rehabilitation available in order to enable injured employees to reenter the work force as soon as practicable." *(Id.,* at p. 628.)

Applying the rule of liberal construction to Labor Code section 4853 as we are required to do *(Webb* v. *Workers' Comp. Appeals Bd., supra,* 28 Cal.3d at pp. 626-627; see *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 233 [110 Cal.Rptr. 144, 514 P.2d 1224]), we conclude that Labor Code section 4853 does not affect the right of a deputy sheriff or other public safety worker specified in Labor Code section 4850 to receive VRTD after the effective date of the employee's CERL disability pension. We further conclude that such an employee's right to VRTD is unaltered by the employee's simultaneous receipt of a CERL disability pension and a PERS service pension earned in prior employment for a different governmental entity.

Our construction of Labor Code section 4853 is consistent with the objective of Labor Code section 139.5 "to maximally promote the vocational rehabilitation of the injured worker" (*Los Angeles Unified School Dist.* v. *Workers' Comp. Appeals Bd. (Matthews), supra,* 150 Cal.App.3d at p. 828) and the overall purpose of workers' compensation " 'to insure to the injured employee and those dependent upon him adequate means of subsistence while he is unable to work and also to bring about his recovery as soon as possible in order that he may be returned to the ranks of productive labor.' " (*Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 233.) Because we conclude that the WCJ erred in vacating the Bureau's award of retroactive VRTD, the matter must be remanded to the Board.

The July 30, 1986, order of respondent Workers' Compensation Appeals Board denying reconsideration is annulled, and the matter is remanded to respondent Workers' Compensation Appeals Board for further proceedings consistent with the views expressed herein.

Kingsley, J., and McClosky, J., concurred.